[L. A. No. 9494. In Bank.—December 31, 1928.]

HENRY R. JACOBS et al., Respondents, v. C. H. SMITH LUMBER COMPANY (a Corporation), Appellant.

C. Roy Smith for Appellant.

A. Heber Winder for Respondents.

THE COURT.—This appeal was submitted upon an order to show cause issued herein, no respondents' brief having been filed. The appeal is by the defendant from an order of the superior court in and for the county of Riverside denying the defendant's motion to change the place of trial of the action from the county of Riverside to the county of Los Angeles. The motion was based upon the notice, demand and affidavits of the defendant filed at the time of presenting its answer herein, and based upon the ground that the residence of the defendant at the time of the commencement of the action and at all times thereafter was in Los Angeles County. The action was one wherein the plaintiffs, as the makers of a certain promissory note, secured by a deed of trust, alleged that said promissory note was usurious and prayed for equitable relief and for the reform of the note so as to purge therefrom all usurious contents. The note in question was executed and was made payable at Long Beach in the county of Los Angeles, the residence and principal place of business of the defendant corporation. The deed of trust securing said note was also executed there, the real property described in said deed of trust, however, being situate in the county of Riverside. The trustee named in the deed of trust was the California National Bank of Long Beach, a corporation, having at all times its residence and place of business at Long Beach. It would thus appear

that the proper county within which this action should have been commenced was the county of Los Angeles, under the provisions of section 16 of article XII of the state constitution, unless it can be held that this action is one "for the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property," which actions, under the provisions of section 392 of the Code of Civil Procedure, are to be commenced and tried in the county in which such real property, or some portion thereof, is situated. It would seem clear, both by reason and authority, that this is not one of the actions provided for in the aforesaid section of the Code of Civil Procedure, but, on the contrary, it is solely and simply an action brought for the reformation of a personal obligation wherein the question as to the title or possession of the real property described in the deed of trust which secures the payment of said personal obligation is in nowise involved. The cases of *Bailey* v. *Cox,* 102 Cal. 333 [36 Pac. 650], *Woodbury* v. *Nevada, etc.,* 120 Cal. 463 [52 Pac. 730], and *Smith* v. *Smith,* 88 Cal. 572 [26 Pac. 356], fully deal with and dispose of the question presented upon this appeal; and upon their authority as well as upon the plain language of the provisions of the constitution itself above referred to it is obvious that the trial court was in error in denying the defendant's motion for a change of place of trial to the county of its residence and principal place of business.

The order is reversed.