[Sac. No. 4774. In Bank.—October 3, 1933.]

GEORGE W. HOWE, Respondent, v. MRS. MAY E. TUCKER et al., Appellants.

Vinetz & Gitelson for Appellants.

George W. Howe, *in pro. per.,* for Respondent.

PRESTON, J.—For a chronological statement of the facts herein reference is hereby made to the opinion of this court on a petition for *supersedeas* in the cause entitled *Tucker* v. *Howe,* 217 Cal. 23 [17 Pac. (2d) 103].

Appellants properly state the sole legal question involved as follows: "Is an action for the cancellation, upon the grounds of fraud and undue influence of, or for the determination of a trust in, a note and a deed of trust securing the note, in which deed of trust the trustee therein named is a person other than the payee of the note, a transitory action so that venue of the trial thereof should be transferred to the county of the defendants' residence, a proper motion and demand having been made therefor?"

The court below answered the question in the negative and made its order accordingly. We are led to answer it in the affirmative.

The promissory note may exist alone, without the aid of the deed of trust; cancellation or reformation of the latter would not affect the integrity of the note secured by it. The complaint here essays to have canceled not alone the deed of trust, but the promissory note as well. Under the prayer of the complaint this two-fold relief is permissible. But upon reason as well as authority, an action to cancel or reform a promissory note secured by a deed of trust is a transitory action and must follow the person of the defendant (sec. 395, Code Civ. Proc.; *Jacobs* v. *C. H. Smith Lumber Co.,* 206 Cal. 128 [273 Pac. 571]).

It may be conceded also that a complaint having for its sole and exclusive object the cancellation of a deed or a deed of trust for fraud is a local action. (*Eckstrand* v. *Wilshusen,* 217 Cal. 380 [18 Pac. (2d) 931]; *State* v. *Royal Consolidated Min. Co.,* 187 Cal. 343, 351 [202 Pac. 133]; *Booker* v. *Aitken,* 140 Cal. 471 [74 Pac. 11].) But here we have united in one complaint allegations and a prayer authorizing relief in both transitory and local causes of action. In such situation we must be guided by the doctrine so well announced in *Smith* v. *Smith,* 88 Cal. 572, 576 [26 Pac. 356, 358], as follows:

"When, however, the subject-matter of the action is local, and the judgment which is sought is to operate directly upon that subject-matter, it is provided that the action shall be

tried in the county where the subject-matter of the action is situated. This being an exception to the general rule, the conditions under which the exception is claimed must be clearly and distinctly shown. The plaintiff cannot, by uniting in his complaint matters which form the subject of a personal action with matters which form the subject of a local action, compel the defendant to have both those matters tried in a county other than that in which he resides. It is only when real estate alone is the subject-matter of the action that the provisions of section 392 can be invoked against a defendant who resides in a county different from that in which the land is situated. If, in his complaint, the plaintiff join with such a cause of action another which is not embraced in its provisions, or if he also seeks a remedy against the defendant upon matters which are not embraced within the provisions of this section, his action becomes one of those 'other cases' provided for in section 395, which the defendant is entitled to have tried in the county of his residence.''

The above doctrine has been uniformly followed in this state. A few of the many authorities which might be cited are: *Eckstrand* v. *Wilshusen, supra; Brown* v. *Happy Valley Fruit Growers,* 205 Cal. 515 [274 Pac. 977]; *Jacobs* v. *C. H. Smith Lumber Co., supra; Sheeley* v. *Jones,* 192 Cal. 256 [219 Pac. 744]; *Booker* v. *Aitken, supra; Warner* v. *Warner,* 100 Cal. 11 [34 Pac. 523]; *LeBreton* v. *Superior Court,* 66 Cal. 27 [4 Pac. 777]. Said doctrine is not to be set aside because the deed of trust and the note are parts of one and the same transaction (sec. 1642, Civ. Code; *Phelps* v. *Mayers,* 126 Cal. 549 [58 Pac. 1048]; *Meyer* v. *Weber,* 133 Cal. 681 [65 Pac. 1110]). Nor because under the recent case of *Bank of Italy* v. *Bentley,* 217 Cal. 644 [20 Pac. (2d) 940], an independent action on a promissory note, secured by a deed of trust, will not lie until the security has been exhausted or becomes valueless.

Appellants admittedly are not residents of Del Norte County. It is clear also that a proper application for transfer of the cause to the proper county for trial has been made and supported by an affidavit of merits and of residence. It is also without substantial conflict that the appellants reside, and have resided at all times here material, in Los Angeles County.

The order denying a transfer is reversed, with direction to transfer the cause to the Superior Court of Los Angeles County for trial.

Curtis, J., Langdon, J., and Seawell, J., concurred.

THOMPSON, J., Dissenting.—I dissent. A reading of the complaint in this case discloses that the primary object of the action is to remove the lien created by the deed of trust upon the property and that the cancellation of the note is a mere incident to that relief. Without repeating in detail the allegations of fraud, it is well to note that the plaintiff alleges facts indicating the relation of special confidence between the parties prior to the execution of the note and deed of trust; that in order to assist the defendants, who were then in reduced financial circumstances, all of the parties conceived the plan of selling the property involved; that the plaintiff undertook, if the property were sold, to make a gift of $10,000 from the profits to the defendants; and, that at the earnest solicitation of the defendants and to evidence his desire, plaintiff executed the note and deed of trust upon the express declaration, promise and representation of the defendant May E. Tucker "that she would not record said papers in any public office without the written consent of the plaintiff so to do, except upon his death and for her protection in that event". Another paragraph of the complaint sets forth that, notwithstanding the declarations, promises and representations just mentioned, defendant May E. Tucker caused the trust deed to be recorded, and it concludes with a prayer for judgment in the following language: "that defendant Mrs. May E. Tucker and Dorothy Tucker be declared the constructive trustees of said trust deed and note for the use and benefit of plaintiff; that the proper reconveyance be decreed; that said trust deed be ordered cancelled and all rights thereunder annulled; that said defendants and all others claiming through or under them or either of them, be enjoined from further treating said deed of trust and note as effective obligations and from claiming any right, title, interest, lien or encumbrance thereby; and for such other relief as may be proper".

Section 392 of the Code of Civil Procedure reads in part as follows: "Actions for the following causes must be tried in the county in which the subject of the action, or some part

thereof, is situated, subject to the power of the court to change the place of trial, as provided in this code: 1. *For the recovery of real property,* or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property.'' Considering the complaint in this case as I have outlined it above, together with the obvious fact that to determine that the note which is secured by the deed of trust was given as the result of fraud and lacks any consideration is to adjudicate that the defendants have no right or interest in or lien upon the real property, the ultimate object of the action is a decision that the defendants have no such lien and that the apparent lien ought to be canceled. This view of the case is strengthened by our ruling in *Bank of Italy* v. *Bentley,* 217 Cal. 644 [20 Pac. (2d) 940], wherein we determined that ''the holder of a note secured by a deed of trust must first exhaust the security before resorting to the personal liability of the trustor''. From this decision it is patent that the note and deed of trust are to be treated as one instrument and that they cannot be separated as is attempted by the majority opinion of this case.

The case of *Jacobs* v. *C. H. Smith Lumber Co.,* 206 Cal. 128 [273 Pac. 571], relied upon in the majority opinion, is not controlling for two reasons: first, the object of the action there was to reform the note so as to purge it of its usurious contents and not to cancel the lien created by the deed of trust, and second, it was not established at the time of that decision that the note and deed of trust were in effect one instrument, and that foreclosure of the deed of trust must precede recovery on the note.

Shenk, J., concurred.