[Civ. No. 8507.   Third Dist.   Dec. 2, 1954.]

ROSCOE J. SAUSEN et al., Respondents, v. EDWARD W. ANDERTON et al., Appellants.

Henry J. Kleefisch and Reed M. Clarke for Appellants.

A. John Merlo for Respondents.

VAN DYKE, P. J.—This is an appeal from an order denying a change of venue.

The nature of the action "must be determined from the allegations of the complaint on file at the time the motion was made and from the nature of the judgment which might be rendered thereon, assuming the truth of the allegations." (*Bybee* v. *Fairchild*, 75 Cal.App.2d 35, 37 [170 P.2d 54], citing *Neet* v. *Holmes*, 19 Cal.2d 605 [122 P.2d 557], and other cases.)

The complaint alleges that defendants Anderton and McClinton are engaged in business in San Francisco, in which business they sell vending machines; that on a given date plaintiff entered into a contract with defendants wherein they agreed to buy 200 vending machines and a "Northern California route" for a stated sum, part of which was then paid; that the balance was payable in monthly installments, of which four had been paid so that the money paid totaled the sum of $6,940; that the purchase had been induced by false and fraudulent representations concerning the subject matter of the sale; that when they discovered the fraud the plaintiffs rescinded the fraudulently-procured contract, offering to return what they had received on condition that defendants restore what plaintiffs had paid. This action, therefore, is not one founded upon a contract such as is referred to in that portion of section 395 of the Code of Civil Procedure, which sets up certain exceptions to the general rule therein declared that transitory actions must be tried in the county of the residence of one or more of the defendants. In *Postin* v. *Griggs*, 66 Cal.App.2d 147, 150 [151 P.2d 887], the court said, concerning an identical type of complaint:

". . . Such an action is not 'founded' on the contract sought to be canceled—it is not a contract action at all, but

a tort action based on fraud." (See also *Brown* v. *Happy Valley Fruit Growers,* 206 Cal. 515 [274 P. 917]; *Howe* v. *Tucker,* 219 Cal. 193 [25 P.2d 832]; *Terry* v. *Rivergarden Farms Co.,* 29 Cal.App. 59 [154 P. 476]; *Kaluzok* v. *Brisson,* 27 Cal.2d 760 [167 P.2d 481, 163 A.L.R. 1308].)

Defendants were entitled upon request to have this action tried in the county of the residence of one or the other of them. But this they did not ask. They asked to have the cause transferred to the City and County of San Francisco for trial. They had no right to have it so transferred, for neither of them resides in that county. Adverting again to the record, we find that defendants joined in a notice of motion, and in the making of a motion, to have the venue changed to San Francisco. Their notice declared that the motion would be based upon the affidavit of defendant McClinton. That affidavit states that McClinton and Anderton both resided in the county of Santa Cruz when the contract was made and that at all times mentioned in the complaint defendant Anderton resided in and was a resident of the County of Santa Clara; that defendant McClinton at said times resided in, and was a resident of, the county of San Mateo. The defendants had an absolute right upon request to have the trial moved to one or the other of the counties of their residence. This does not mean that they could agree upon a county in which neither resided and have the cause moved to such county.

The result is that the order of the trial court denying the motion for changing the place of trial must be and it is hereby affirmed.

Peek, J., and Schottky, J., concurred.