[Civ. No. 8546.   Third Dist.   Apr. 18, 1955.]

F. O. BEUTKE et al., Appellants, v. AMERICAN SECURITIES COMPANY (a Corporation) et al., Respondents.

John V. Copren for Appellants.

Fitzgerald, Abbott & Beardsley and Stacy H. Dobrzensky for Respondents.

SCHOTTKY, J.—This is an appeal by plaintiffs from an order granting defendants' motion for a change of venue from Shasta County to Alameda County.

Plaintiffs commenced an action in Shasta County, their complaint alleging in substance as follows:

That defendant American Trust Company was administrator with the will annexed of the estate of James L. Meikle, deceased, and as such administrator gave notice of sale at private sale of certain real property of said estate in Alameda County; that plaintiff F. O. Beutke, after negotiations with the administrator, delivered to the administrator, on May 31, 1950, a written bid in the sum of $125,000 to purchase the real property that had been advertised; that no 10 per cent deposit in cash was given to the administrator, but instead the administrator procured from plaintiffs and appellants herein a promissory note in the sum of $12,500 which was secured by a deed of trust on property belonging to the makers and situated in Shasta County, California, the property being particularly described; that the note was payable to the American Trust Company, one of the defendants, individually and not as the administrator, and that the deed of trust was executed on the same date to defendant American Securities Company, as trustee for American Trust Company, individually and not as the administrator; that it was the understanding that if the bid was not confirmed by the court, or if confirmed and the sale completed, the note and trust deed would be cancelled and returned and a deed of reconveyance, covering the property

in Shasta County, would be executed to the plaintiffs; and that the defendants caused the deed to be recorded in Shasta County on June 14, 1950; that at the time the bid was delivered to the administrator the property for which the bid was made was subject to a lien of a certain deed of trust that had been executed and delivered by J. L. Meikle and Lynda May Meikle to the Corporation of America, a California corporation, as trustee, to secure the payment to Central Bank, a California corporation, of $75,000 and other amounts secured thereby; that this deed was dated July 20, 1946, and recorded on August 15, 1946, in Alameda County, California; that at the time of giving the bid plaintiffs knew of the encumbrance on the realty, but did not know that it was in danger of being foreclosed; that during the negotiations for the giving of the bid, delivery of the note and deed of trust, the defendant administrator promised that if plaintiffs' bid was confirmed by the court the administrator would clear the record of the lien of $75,000, pay and discharge such obligation, that the deed would not be foreclosed, and that the conveyance to plaintiff would be free and clear of the encumbrance.

Said complaint alleged further that in June, 1950, the administrator filed its return and report and petition for confirmation of the sale to plaintiff F. O. Beutke, for the sum of $125,000; that the court entered its order purporting to confirm the sale; that on July 27, 1950, the Corporation of America foreclosed the Meikle deed of trust and at public auction sold to Central Bank all of the property covered by such deed and belonging to the estate of James L. Meikle, and that thereafter there remained no property that the administrator could convey to plaintiff F. O. Beutke; that thereafter, notwithstanding that the sale had not been completed and the estate property was then lost, defendants refused to return the $12,500 note to plaintiffs and refused to execute to plaintiffs a deed of reconveyance of the Shasta County property; that American Trust Company, as beneficiary in its individual capacity, caused to be recorded in Shasta County a notice of alleged breach and election to sell under the deed of trust securing the note of $12,500; and that in May, 1951, the American Securities Company, as trustee under such deed of trust, caused a notice of trustee's sale to be published, which specified that the property belonging to plaintiffs would be sold.

Plaintiffs prayed for cancellation of the note and deed of

trust, for the quieting of title to the property in Shasta County, for a temporary restraining order and for a temporary injunction. On the same day the court granted plaintiffs a temporary restraining order, restraining defendants from selling the property and ordered defendants to show cause why a temporary injunction should not issue. Defendants filed affidavits, appeared and contested the issuance of a temporary injunction and requested the discharge of the temporary restraining order. The court made and entered a temporary injunction, restraining defendants from proceeding with any sale of the property during the pendency of the action, which is still in full force and effect.

Thereafter, in March, 1953, defendants filed a demurrer and at the same time a notice of motion for change of venue from Shasta County to Alameda County. Defendants filed an affidavit and plaintiffs filed a counteraffidavit. After a hearing the trial judge granted the motion and ordered the cause transferred to Alameda County. We shall hereinafter refer to plaintiffs as appellants and to defendants as respondents.

In support of their contention that the order should be reversed appellants make the following major contentions: (1) That the real property involved is located in Shasta County and that under section 392 of the Code of Civil Procedure Shasta County is the proper county for the trial of the action; (2) that the principal place of business of respondents was in the city and county of San Francisco and not in Alameda County, and if respondents had any right to have the action transferred from Shasta County it could only be transferred to the county of their residence; (3) that the action is essentially an action to quiet title and therefore local in nature and the trial court erred in holding that this was a transitory action; and (4) that since respondents had submitted to the jurisdiction of the court by appearing in opposition to the application for the temporary injunction, it was error to consider the motion which was filed at a later date.

Respondents in reply contend that the action is mainly one to cancel the note and deed of trust, and is a transitory action; that the selection of Shasta County was incorrect in that it fails under any provision to qualify as a proper county for the trial of this matter; that the change of venue was not granted upon the ground that Alameda County was the residence of respondents, but that it was on other grounds;

and that the notice of motion was filed on time within the provisions of Code of Civil Procedure, section 396b.

■ We are unable to agree with appellants' contention that respondents waived or lost their right to move for a change of venue by appearing in opposition to appellants' application for a temporary injunction, and appellants have cited no authority in support of this contention. It appears that respondents' time to plead in the action was extended by stipulation and that at the time respondents filed their demurrer they also filed their affidavit of merits and their notice of motion for change of venue. This was all they were required to do by section 396b of the Code of Civil Procedure. This contention of appellants appears to have been raised for the first time upon appeal, but in any event it is without merit.

In support of their contention that the instant action is essentially an action to quiet title, and that therefore Shasta County, in which the land is located, is the proper county for the trial of the action, appellants cite section 5 of article VI of the Constitution of California and section 392 of the Code of Civil Procedure. Said section 5 provides "that all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated." And section 392, so far as material here, provides: "(1) Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the real property, which is the subject of the action, or some part thereof, is situated, is the proper county for the trial of the following actions: (a) For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property."

Appellants contend that the instant action is mainly one to quiet title, being local, and that therefore Shasta County is the proper county for the trial. Respondents in reply contend that the action does not come within the provisions of either of the quoted provisions, but is mainly an action to cancel the note and deed of trust.

There is considerable merit in appellants' argument that the primary object of the action is to remove the lien created by the deed of trust upon the property and that the cancellation of the note is a mere incident to that relief, but we

believe that the case of *Howe* v. *Tucker,* 219 Cal. 193 [25 P.2d 832], cited by respondents and relied upon by the trial court is determinative of the question of whether the action is local or transitory. In that case the court said at page 194:

"Appellants properly state the sole legal question involved as follows: 'Is an action for the cancellation, upon the grounds of fraud and undue influence of, or for the determination of a trust in, a note and a deed of trust securing the note, in which deed of trust the trustee therein named is a person other than the payee of the note, a transitory action so that venue of the trial thereof should be transferred to the county of the defendants' residence, a proper motion and demand having been made therefor?'

"The court below answered the question in the negative and made its order accordingly. We are led to answer it in the affirmative.

"The promissory note may exist alone, without the aid of the deed of trust; cancellation or reformation of the latter would not affect the integrity of the note secured by it. The complaint here essays to have canceled not alone the deed of trust, but the promissory note as well. Under the prayer of the complaint this two-fold relief is permissible. But upon reason as well as authority, an action to cancel or reform a promissory note secured by a deed of trust is a transitory action and must follow the person of the defendant (§ 395, Code Civ. Proc.; *Jacobs* v. *C. H. Smith Lbr. Co.,* 206 Cal. 128 [273 P. 571]).

"It may be conceded also that a complaint having for its sole and exclusive object the cancellation of a deed or a deed of trust for fraud is a local action. (*Eckstrand* v. *Wilshusen,* 217 Cal. 380 [18 P.2d 931]; *State* v. *Royal Consol. Min. Co.,* 187 Cal. 343, 351 [202 P. 133]; *Booker* v. *Aitken,* 140 Cal. 471 [74 P. 11].) But here we have united in one complaint allegations and a prayer authorizing relief in both transitory and local causes of action. In such situation we must be guided by the doctrine so well announced in *Smith* v. *Smith,* 88 Cal. 572, 576 [26 P. 356, 358], as follows:

" 'When, however, the subject-matter of the action is local, and the judgment which is sought is to operate directly upon that subject-matter, it is provided that the action shall be tried in the county where the subject-matter of the action is situated. This being an exception to the general rule, the conditions under which the exception is claimed must be clearly and distinctly shown. The plaintiff cannot, by unit-

ing in his complaint matters which form the subject of a personal action with matters which form the subject of a local action, compel the defendant to have both those matters tried in a county other than that in which he resides. It is only when real estate alone is the subject-matter of the action that the provisions of section 392 can be invoked, against a defendant who resides in a county different from that in which the land is situated. If, in his complaint, the plaintiff join with such a cause of action another which is not embraced in its provisions, or if he also seeks a remedy against the defendant upon matters which are not embraced within the provisions of this section, his action becomes one of those "other cases" provided for in section 395, which the defendant is entitled to have tried in the county of his residence.' "

It is clear that upon the authority of *Howe* v. *Tucker* respondents would have been entitled to a transfer of the action to the county of their residence if their motion had been to transfer it to such county.

However, the record shows that respondents' motion was to transfer the action to the county of Alameda, while the record shows, without conflict, that their principal place of business was the city and county of San Francisco. ■ It is well settled that, as stated in *Hale* v. *Bohannon*, 38 Cal.2d 458, at page 478 [241 P.2d 4]: "Insofar as section 395 affects the right of an individual defendant to a change of venue, a corporation's principal place of business is its 'residence.' "
■ And as stated in *Walker* v. *Wells Fargo Bank & Union Trust Co.*, 24 Cal.App.2d 220, at page 222 [74 P.2d 849]: "The county in which the principal place of business of a corporation is located, is the county where it resides within the meaning of said section."

Respondents contend that Alameda County was a proper county for the trial of this action within the provisions of section 16 of article XII of our state Constitution which reads:

"A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

They contend that once they show that Shasta County was not a proper county, then they may have the venue changed to any place where the plaintiff might have brought

the action, and that they are not restricted to requesting the change to the county of their residence. However, our Supreme Court in the recent case of *Hale* v. *Bohannon, supra,* has ruled otherwise. In that case the court said, at page 478: "Where the plaintiff fails to bring his action in any of the counties specified by the Constitution, the corporation then is entitled to a change of venue to the county of its principal place of business under the last clause of the constitutional provision." And at page 479: "The purpose of the constitutional provision was to provide a venue for actions against corporations greatly enlarged over that for actions against other defendants. . . . [T]he intention of the section was to benefit the plaintiff, who otherwise would be obliged to travel to the corporation's principal place of business to commence his action."

██ Appellants argue correctly that section 16 of article XII only recites the counties where a suit may be commenced, and is permissive only and not mandatory, and they cite *Fresno Nat. Bank.* v. *Superior Court,* 83 Cal. 491, where the court in discussing said section 16 said at page 495 [24 P. 157]:

"Without leading to any conflict, this section has the effect to permit a corporation to be sued in certain counties other than that of its residence or principal place of business, at the option of the plaintiff, and to deny to corporations the absolute right to a change of venue when sued in such other counties. This effected an important change in the law as it existed before the adoption of the present constitution, insofar as it denies the absolute right of the corporation to a change of venue to the county of its principal place of business, when sued in any one of the other counties named in the section; and this seems to be the only effect intended."

██ We are therefore of the opinion that if an action is not commenced in a proper county, as set forth in the Constitution and statutes, the corporation may change the venue to the county of its residence, but there is no authority for changing it to some other county in which the plaintiff could have brought the action. ██ As hereinbefore pointed out, the provision allowing suit against a corporation in certain counties other than that of its residence is for the benefit of the plaintiff and does not give the defendant corporation the same rights. In the instant case respondents were entitled to request the change of place of trial to the county of their residence, but instead they made a motion to change the

place of trial to Alameda County, which they concede was not the county where their principal place of business was located, and the court granted their motion. In the recent case of *Sausen* v. *Anderton,* 129 Cal.App.2d 324 [276 P.2d 814], where the action was a transitory one triable in the county of defendants' residence, this court said at page 368:

"They had no right to have it so transferred, for neither of them resides in that county. . . . The defendants had an absolute right upon request to have the trial moved to one or the other of the counties of their residence. This does not mean that they could agree upon a county in which neither resided and have the cause moved to such county."

Respondents in their brief make the further contention that the trial court could have based its decision to transfer the cause to Alameda County upon the fact that the estate of which respondent American Trust Company was the administrator was being probated in Alameda County. ■ They quote section 395.1 of the Code of Civil Procedure which reads:

"When a defendant is sued in his official capacity as executor, administrator, guardian or trustee, on a claim for the payment of money or for the recovery of personal property, the county which has jurisdiction of the estate which he represents shall be the proper county for the trial of the action."

Respondents assert that an action to cancel a note is, in practical effect, an action to recover it and hence an action to recover personal property. There is no merit in this contention of respondents, for as pointed out by appellants the instant action is not an action for the recovery of money or for the recovery of personal property but is an action to cancel a note and deed of trust. Section 395.1 has no application to such an action.

In view of the foregoing we conclude that the trial court erred in granting respondents' motion to change the place of trial to Alameda County.

The order is reversed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied May 13, 1955, and respondents' petition for a hearing by the Supreme Court was denied June 16, 1955.