[Civ. No. 6683. Fourth Dist. Apr. 25, 1961.]

FLORENCE G. CADE, Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, Respondent; FRED A. DYER et al., Real Parties in Interest.

Jerrold A. Fadem for Petitioner.

No appearance for Respondent.

Marlin H. Shirley for Real Parties in Interest.

GRIFFIN, P. J.—Petitioner seeks to prohibit the respondent court from proceeding with an action on file in San Bernardino County on the grounds that the Superior Court of Los Angeles County first acquired exclusive jurisdiction of the subject matter of the action by reason of an earlier action filed therein. Service of summons in the Los Angeles action was obtained before service in the San Bernardino action.

A brief chronological outline of the proceedings in this matter is as follows: Petitioner Cade filed an action in Los Angeles County on June 6, 1960, and served Loyalty Loan and Investment Company, Inc., one of the defendants in that action, on June 7, 1960. Loyalty Loan was doing business in Los Angeles County and other defendants served lived in or were doing business in that county. In the Los Angeles action, petitioner's complaint alleged that the parties incurred the obligations upon which the action was brought in Los Angeles. It also alleged that petitioner owned in fee simple certain real property encumbranced by trust deeds given to secure certain usurious loans. It alleged that the defendants promised to use the loan funds to erect a building on petitioner's real property located in San Bernardino County but that such promises had not been performed; that defendants had conspired to defraud her, charge her usurious interest rates and unlawfully acquire her real property, by reason of notes and trust deeds executed in Los Angeles County. A second cause of action was alleged which sought damages for loss of income by reason of defendants' failure to complete the building on petitioner's property. In the prayer to her complaint, petitioner sought a judgment declaring the notes secured by the trust deeds to be usurious and an order modifying these notes and trust deeds by striking therefrom their interest provisions and an order providing that the maturity dates on these loans could not be accelerated by reason of the nonpayment of interest thereon and sought a judgment for treble the interest paid.

Apparently petitioner obtained an injunction in the Los Angeles action restraining the trustee of the deeds of trust,

of which the Koslovskys and the Dyers are beneficiaries, from exercising the power of sale contained in the deeds of trust during the pendency of the Los Angeles action.

On September 29, 1960, the real parties in interest, Dyer and Koslovsky (who are named as defendants in the Los Angeles action), filed an action in San Bernardino County and served petitioner with process in that action on the same day. In this San Bernardino action, the Dyers and Koslovskys aver that they are owners of certain trust deeds and seek to quiet title thereto. They also seek declaratory relief as to their rights with respect to the notes secured by these trust deeds and as to petitioner's claims that these documents are fraudulent, usurious and the products of a conspiracy. The plaintiffs in the San Bernardino action also seek a declaration that they have the legal right to file a notice of default and direct the sale of the property to satisfy the notes secured by the trust deeds.

The plaintiffs in the San Bernardino action are defendants in the Los Angeles action and the notes and trust deeds involved in the two actions are the same.

On November 16, 1960, petitioner made a special appearance in the San Bernardino action and moved to quash service therein on the grounds that the court lacked jurisdiction. Previously, petitioner had filed a plea in abatement (herein called a demurrer) in the San Bernardino action. On December 21, 1960, the San Bernardino court overruled petitioner's demurrer and denied her motion and gave her 20 days to answer the complaint in the San Bernardino action. This petition for writ of prohibition followed.

Petitioner asserts that the subject matter of the Los Angeles action and the San Bernardino action is identical and contends that the rule that where two courts have concurrent jurisdiction over a class of cases the court which first assumes jurisdiction over the subject matter of a particular controversy has exclusive jurisdiction should be applied. (Citing 1 Witkin, California Procedure, § 194, p. 460; *Gorman* v. *Superior Court*, 23 Cal.App.2d 173 [72 P.2d 774]; *Myers* v. *Superior Court*, 75 Cal.App.2d 925 [172 P.2d 84]; *Burch* v. *Slamin*, 137 Cal.App.2d 1 [289 P.2d 498].) It is argued that in applying this rule, priority of jurisdiction is determined by the date of service of process and therefore the Los Angeles court has exclusive jurisdiction by reason of earlier service of process in its action.

The real parties in interest argue on behalf of respondent court that petitioner's statement of the law is correct. *but* the Los Angeles action is local in nature and the courts of the county in which the property was located have exclusive jurisdiction, and since the real property to which the trust deeds pertain is located in San Bernardino, it is contended that San Bernardino was the county in which petitioner's original complaint should have been filed and that since it was filed in Los Angeles County that county acquired no jurisdiction thereby and the San Bernardino complaint was properly filed. (Citing *Thompson* v. *Moore,* 8 Cal.2d 367 [65 P.2d 800, 109 A.L.R. 1027] ; *Fritts* v. *Camp,* 94 Cal. 393 [29 P. 867] ; *Pacific Y. Club* v. *Sausalito Bay W. Co.,* 98 Cal. 487 [33 P. 322] ; *Howe* v. *Tucker,* 219 Cal. 193 [25 P.2d 832].) The real parties in interest also contend that petitioner has a speedy and adequate remedy at law provided by Code of Civil Procedure, section 396, whereby she may move in the trial court for a transfer of the San Bernardino action to Los Angeles County, and that, not having exhausted this remedy, she has no standing to seek an extraordinary writ from this court. (Citing *Princess Lida of Thurn & Taxis* v. *Thompson,* 305 U.S. 456 [59 S.Ct. 275, 280, 83 L.Ed. 285] ; 1 Witkin, California Procedure, § 192, pp. 707-708; Code Civ. Proc., § 396.)

### Discussion

As is well known, California Constitution, article VI, section 5, provides that actions for the recovery of possession, of quieting title to or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate is located. Judgments in such actions not commenced in the county where the real estate is located are void. (*Rogers* v. *Cady,* 104 Cal. 288 [38 P. 81, 43 Am.St.Rep. 100] ; *State* v. *Royal Consolidated Min. Co.,* 187 Cal. 343 [202 P. 133].) However, once commenced in the proper county, such an action may be transferred to another county in accordance with the statutory venue provisions. Code of Civil Procedure, section 392, provides that the county where the real property is situated is a proper county in which to bring an action to recover the property or for the determination of an interest therein. With regard to petitioner's action in the Los Angeles case, none of the foregoing provisions apply. In *Jacobs* v. *C. H. Smith Lumber Co.,* 206 Cal. 128 [273 P. 571], it was held that an action wherein the plaintiffs, as makers of a promissory note secured by a deed of trust, alleged that

the promissory note was usurious and sought equitable relief and for reformation of the note so as to purge therefrom all usurious contents, was properly filed and tried in Los Angeles County (where the note was executed, made payable, and where defendant had his principal place of business), even though the real property described in the deed of trust was located in Riverside County. This ruling has been followed in *Howe* v. *Tucker, supra,* 219 Cal. 193; *Vaughan* v. *Roberts,* 45 Cal.App.2d 246 [113 P.2d 884] and *Beutke* v. *American Securities Co.,* 132 Cal.App.2d 354, 359 [282 P.2d 201]. California Constitution, article XII, section 16, is cited, which states:

"A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

The problem presented by the instant writ seems almost identical to that of *Myers* v. *Superior Court, supra,* 75 Cal. App.2d 925. In that case, the petitioners entered into a land sale contract wherein they agreed to buy certain real and personal property in Calaveras County. Subsequently, petitioners filed in Sacramento County a complaint against the seller, alleging that defendant refused to complete the sale, seeking damages. The seller attempted to have the action transferred to Calaveras County but was unsuccessful. Then she filed an action in Calaveras County seeking to quiet title to the property involved in the contract of sale. Petitioners then sought to abate the Calaveras County action but were unsuccessful and they then sought a writ of prohibition to compel the Calaveras court to stay the action there pending until the action in Sacramento County had been decided. The District Court of Appeal, Third District, granted the writ, holding that:

1. Where two tribunals have concurrent jurisdiction over the same parties and subject matter, the tribunal in which jurisdiction first attaches is entitled to retain it exclusively and prohibition lies to restrain the other tribunal from taking any further proceedings pending the complete exercise thereof.

2. The fact that the action filed in Calaveras County was one to try title did not entitle that court to proceed with the action where the subject matter of the action was essentially transitory because personal property was involved.

3. The fact that the parties to the two actions were not entirely identical does not preclude petitioners from prosecuting their action to completion because the Sacramento County Superior Court has jurisdiction to bring in all the necessary parties.

4. It is also of little moment that the remedies sought by the two actions are not precisely the same. The Superior Court of Sacramento County has the power and duty to litigate all the issues and grant all the relief to which any of the parties may be entitled under the pleadings. The defendant in the Sacramento action may obtain the relief she seeks by filing her answer, denial or cross-complaint therein.

5. If both actions are allowed to proceed, the petitioner will be subjected to two trials over one controversy. A mere statement of the situation is sufficient to demonstrate that the entire matter should be heard and determined in one court and indicates that the issuance of the writ is necessary to prevent an injustice. Under these circumstances, the place of trial is governed by Code of Civil Procedure, section 395, covering "all other cases." (See also 1 Witkin, California Procedure, 460-469, 707-715; 13 Cal.Jur.2d §§ 92 to 96, 99 to 100, pp. 604-613, 619-625; 51 Cal.Jur.2d, § 14, p. 30.)

From an examination of these authorities, and of the complaint in the Los Angeles action and its prayer, it affirmatively appears that plaintiff there sought a modification of the terms of the notes and trust deeds for alleged fraud and conspiracy in respect thereto, and also sought judgment for usury. This form of relief is in the nature of a personal action and transitory in character. (*San Fernando Valley C. of C.* v. *Thomas*, 123 Cal.App.2d 348 [266 P.2d 891]; *Steger* v. *Shofner* (Tex.Civ.App.), 54 S.W.2d 1013, 1016; 1 Cal.Jur.2d § 32, p. 629.)

We conclude that when the Superior Court of Los Angeles County assumed jurisdiction over the subject matter, as of the time when the summons was served, the jurisdiction of said court was exclusive and the threatened invasion thereof presented a case for prohibition. (Code Civ. Proc., § 1102.)

The parties are still entitled to such rights as they may have under Code of Civil Procedure, section 396. (*Myers* v. *Superior Court, supra,* 75 Cal.App.2d 925.)

Let the peremptory writ issue as prayed.

Shepard, J., and Coughlin, J., concurred.