[Civ. No. 14551. Third Dist. Sept. 19, 1975.]

ALFRED NELSON, Plaintiff and Appellant, v.
CROCKER NATIONAL BANK, as Trustee, etc.,
Defendant and Respondent.

**COUNSEL**

Alfred Nelson, in pro. per., for Plaintiff and Appellant.

Varni, Fraser, Hartwell & Van Blois and Steve McNichols, Jr., for Defendant and Respondent.

**OPINION**

**EVANS, J.**—Plaintiff appeals from the summary judgment entered on motion of defendant Crocker National Bank. The motion was predicated

and granted on the basis of res judicata. On appeal, plaintiff contends the bar of res judicata was not applicable in that the judgment and decision establishing that bar were void for lack of jurisdiction.

In 1962, plaintiff purchased from Theodore Lakin (deceased) unpatented mining claims in Sierra County. Plaintiff gave Lakin a $6,000 promissory note dated June 4, 1962, and secured by a deed of trust on property in San Joaquin County. Plaintiff subsequently learned that title to the claims was in question and that Lakin may have failed to comply with the requirements of section 2314 of the Public Resources Code requiring one hundred dollars' worth of improvement work be done to mining claims in order to retain possession. Two Sierra County residents claimed ownership of the claims adversely to plaintiff. Plaintiff initiated an ejectment suit against them, but for an unexplained reason, later abandoned the action.

Plaintiff made no payments on his note to Lakin, and in 1963, Lakin pressed him for interest payments. Plaintiff advised Lakin by letter, " . . . that so long as the rifelmen [*sic*] of Sierra County succeed in holding the property on the basis which they claim, I am not going to pay you any part of the agreed purchase price." Plaintiff indicated his intention to pursue the ejectment action, but if it failed he would bring an action to cancel the note and deed of trust on the ground of fraud in the inducement. With his letter, plaintiff forwarded a waiver to Lakin providing that payment of interest on the note would not be a relinquishment of plaintiff's rights or defenses. Lakin executed the waiver and returned it.

Plaintiff made the next two interest payments but thereafter declined further payment.

In 1964, interest was again demanded by Lakin. None was paid; and on July 30, 1964, Lakin filed a notice of default for nonpayment. On October 22, plaintiff sent Lakin a letter of formal rescission of the promissory note and trust deed alleging misrepresentation. On October 28, 1964, plaintiff filed a superior court action against Lakin in Alameda County seeking cancellation, injunction, and rescission.[1] Lakin was restrained from further proceeding with the foreclosure pending trial. The case came on for trial in October 1969. Lakin died prior to

[1]Alameda County Superior Court action No. 345269; Alfred Nelson, plaintiff, versus Theodore Winfield Lakin, Security Title Insurance Company, and Western Title Guaranty Co., defendants.

commencement of trial, and Crocker-Citizens National Bank, as trustee of his estate, was substituted in his place.

On the day of trial, defendant Crocker sought transfer to San Joaquin County, the situs of the property described in the deed of trust on the ground that Alameda County had no jurisdiction over the action. The motion was opposed by plaintiff and denied. Trial proceeded, and judgment in favor of defendants was entered December 24, 1969. Plaintiff appealed. The First Appellate District, Division One, in an unpublished unanimous opinion filed September 1, 1972,[2] affirmed the trial court's judgment. Plaintiff unsuccessfully sought a rehearing in the Court of Appeal and a hearing before the Supreme Court.

Despite the judgment, plaintiff failed to make any payments on the note; on March 26, 1973, defendant recorded a notice of default in San Joaquin County. On June 25, 1973, plaintiff filed the instant proceeding in the San Joaquin County Superior Court. With the exception of a few paragraphs explaining the status and identity of the defendants in the case as successors and representatives of those originally named, and two paragraphs alleging the 1973 notice of default, the complaint is virtually identical to the earlier Alameda County action. Defendant's moving papers for summary judgment established the nature, existence and disposition of the Alameda County action. It is upon this state of the record that plaintiff has appealed the summary judgment.

Following entry of the summary judgment, plaintiff filed proceedings in the United States District Court for the Northern District of California (No. 4-74-0562) seeking to forestall the foreclosure sale. The bankruptcy court made its order providing in part as follows:

"1. That Alfred Nelson, attorney for debtor, is the real person in interest, and debtor is a mere sham holder of title who was vested the same day the Chapter XII was filed with no cash down. Debtor only gave a Deed of Trust for $175,000.00 payable in six months.

"2. That the sole purpose for filing this proceeding was to obtain a restraining order against plaintiff, which was not obtainable in the state court, as plaintiff had the right to foreclose affirmed by California's Appellate Court with review denied by the California Supreme Court, and a second subsequent suit in a different Superior Court denied, which

---

[2] 1 Civil 28400.

now is in its appeal stages. Plaintiff started its original foreclosure in 1964, and has been delayed by Alfred Nelson ever since.

". . . . . . . . . . . . . . . . .

"5. This proceeding is a mere device to further delay and harrass plaintiff, after exhausting the rights given in the state courts."

On March 13, 1974, plaintiff filed yet another action in the San Joaquin County Superior Court seeking a preliminary injunction and temporary restraining order against disposition of the property pursuant to trustee sale. The action, entitled Donald Lee Mohundro versus Western Title Guaranty Company, et al., was No. 116356. Plaintiff did not advise the court of the decisional status of the prior litigation and obtained a temporary order restraining the scheduled foreclosure sale. The superior court, upon learning of the prior action and its disposition, dissolved the temporary restraining order and dismissed the action.

Thereafter, plaintiff paid defendant Crocker National Bank the amount of the note. Upon receipt of payment, the note was cancelled and a deed of reconveyance executed and recorded in Book 3903, page 668 of the official records of the San Joaquin County Recorder's office.

On the date of trial of the Alameda County action (and the motion to change venue), the law was abundantly clear that the place of filing an action affecting real property involves questions of venue only, not jurisdiction. (Code Civ. Proc., § 392; Childs v. Eltinge (1973) 29 Cal.App.3d 843, 851 [105 Cal.Rptr. 864].) At all times, the law was equally clear that an action was considered essentially transitory and not local if the determination of an estate or interest in land was merely incidental to the determination of a cause for equitable relief in trust, fraud, or contract. (Ponderosa Sky Ranch v. Okay Improvement Corp. (1962) 204 Cal.App.2d 227 [22 Cal.Rptr. 90].) The Supreme Court in Howe v. Tucker (1933) 219 Cal. 193 [25 P.2d 832], in determining whether an action for the cancellation of a note and deed of trust upon the grounds of fraud or undue influence was a transitory action or whether it was local, stated at page 194: "The promissory note may exist alone, without the aid of the deed of trust; cancellation or reformation of the latter would not affect the integrity of the note secured by it. The complaint here essays to have canceled not alone the deed of trust, but the promissory note as well. Under the prayer of the complaint this two-fold relief is permissible. But upon reason as well as authority, an

action to cancel or reform a promissory note secured by a deed of trust is a transitory action and must follow the person of the defendant (sec. 395, Code Civ. Proc.; *Jacobs* v. *C. H. Smith Lumber Co.,* 206 Cal. 128 [273 Pac. 571])." (See also *Thielen* v. *Superior Court* (1963) 219 Cal.App.2d 217 [33 Cal.Rptr. 1] and cases therein cited.)

The question of the transitory or local character of the cause of action must be determined from the allegations of the complaint at the time the motion for change of venue was made in the Alameda proceeding and the nature of the potential relief. The prayer of the complaint in the Alameda County proceeding indicates plaintiff sought cancellation and rescission of the promissory note and deed of trust, together with an injunction restraining defendants from proceeding with the trustee's sale. Relief was sought on the ground of fraud or misrepresentation of facts inducing plaintiff to enter into the purchase of the mining claims. Plaintiff's right to restoration of title depended upon a successful attack upon the validity of the promissory note secured by the deed of trust, by a showing of fraud or misrepresentation; the recovery of title to the property was incidental to the action to cancel the promissory note and set aside the deed of trust. (*Leeper* v. *Beltrami* (1959) 53 Cal.2d 195, 216 [1 Cal.Rptr. 12, 347 P.2d 12, 77 A.L.R.2d 803]; *Laurel Crest, Inc.* v. *Superior Court* (1965) 235 Cal.App.2d 69 [44 Cal.Rptr. 867].) The primary purpose of the action being to cancel the note and deed of trust upon the ground of fraud, the action was transitory and not local, and was properly tried in Alameda County. (*Howe* v. *Tucker, supra,* 219 Cal. 193; see also *Eckstrand* v. *Wilshusen* (1933) 217 Cal. 380, 382 [18 P.2d 931]; *Fletcher* v. *Nordesta Homes, Inc.* (1961) 192 Cal.App.2d 33, 35 [13 Cal.Rptr. 226]; *Vaughan* v. *Roberts* (1941) 45 Cal.App.2d 246 [113 P.2d 884]; *Cade* v. *Superior Court* (1961) 191 Cal.App.2d 554, 559 [12 Cal.Rptr. 847]; *Myers* v. *Superior Court* (1946) 75 Cal.App.2d 925, 930 [172 P.2d 84]; *Reid* v. *Kerr* (1923) 64 Cal.App. 117, 120-121 [220 P. 688]; *Grable* v. *Grable* (1960) 180 Cal.App.2d 353, 359-360 [4 Cal.Rptr. 353].) It resulted in a valid and binding judgment.

Following the appeal and affirmance of that judgment, plaintiff undertook three additional spurious proceedings seeking to circumvent, by devious means, the decision of the court. The present action and appeal are obviously frivolous. Such groundless proceedings are an abuse of judicial process and grossly unfair to other litigants awaiting disposition of their appeals and trials. Actions of this sort will not be tolerated. We therefore conclude that sanctions are proper. (Cal. Rules of Court, rule 26 (a); *Stafford* v. *Russell* (1954) 128 Cal.App.2d 794, 796

[276 P.2d 41]; *Reber* v. *Beckloff* (1970) 6 Cal.App.3d 341, 343 [85 Cal.Rptr. 807].)

The order granting summary judgment is affirmed; the sum of $1,000 damages will be added to the cost of appeal to be recovered by defendant Crocker National Bank from plaintiff Nelson.

Friedman, Acting P. J., and Paras, J., concurred.

A petition for a rehearing was denied October 6, 1975, and appellant's petition for a hearing by the Supreme Court was denied November 25, 1975.