[Civ. No. 2752. Fourth Dist. July 17, 1941.]

LOUIS RUBINSTEIN, Appellant, v. MICHAEL MINCHIN et al., Respondents.

Marshall A. Stutsman for Appellant.

Mitchell, Silberberg, Roth & Knupp and Guy Knupp, Jr., for Respondents.

KELLY, J., *pro tem.*—This is an appeal from a judgment of dismissal following an order sustaining a demurrer to the plaintiff's second amended complaint. Somewhat condensed and summarized, the second amended complaint recites that in the year 1929 the plaintiff and his then wife, since deceased, borrowed the sum of $6,500 from the defendants, evidenced by a promissory note secured by a trust deed on a one-half interest in a certain lot described as number 278; that on December 20, 1932, the plaintiff was in default in the sum of $615 for the payment of which the defendants were pressing, and that to secure payment of the sum in default a deed of trust was executed by the plaintiff on another lot referred to as number 151; that the parties had an oral agreement by which it was stipulated that if the plaintiff would convey lot 151 to the Union Bank and Trust Company in a trust of which the defendants would be beneficiaries, they would accept the conveyance as security in lieu of the amount in default and that whenever within one year or five or more, the plaintiff would cure the default by the payment of $615 with interest, defendants would reconvey lot 151 and that until paid the defendants would hold title to lot 151 in trust for the plaintiff and that the note and deed of trust covering lot 278 would, by a separate instrument, be extended for

three years; that escrow instructions were prepared and signed in accordance with the oral agreement indicated, but that the instructions were not followed; that on the contrary, a single note in the sum of $7,120, being the amount of the original loan of $6,500, plus the sum in default, and a deed of trust covering both lots, securing payment of this note, were prepared and presented to the plaintiff who executed the same by signature and delivery to the bank, as trustee; that on June 17, 1933, the plaintiff tendered the sum of $620 to the defendants and demanded the reconveyance of lot 151; that the respondents refused the tender and refused to convey on the ground that both lots were covered by a single deed of trust; that on June 21, 1933, the defendants filed written notice of default and demand for sale by the trustee; that in August, 1933, defendants orally stated to the plaintiff that they would buy both lots at a trustee's sale and would stand prepared to reconvey lot 151 to the plaintiff upon payment of $620 with interest at 7 per cent; that on October 29, 1933, both lots were sold to the defendants; that in June, 1934, plaintiff again tendered the sum of $620 and again demanded reconveyance of lot 151, which was refused; and that defendants have had possession of lot 151 since October, 1933. Plaintiff prays that a trust be declared and that defendants be compelled to convey lot 151 to plaintiff.

To this second amended complaint the defendants demurred both generally and specially and pleaded in bar a number of sections of the Code of Civil Procedure, including section 318, subdivision (4) of section 338, and section 343. The plaintiff contends that when the defendants purchased lot 151 at the trustee's sale they did so as trustees of the plaintiff and therefore held the property as such because of their oral promises as indicated. In view of the application of the bar of the statutes of limitations, we quote in full paragraphs XII and XIII of the second amended complaint:

## "XII.

"That in pursuance of said oral agreement, and at all times subsequent to October 28th, 1933, plaintiff with confidence relied upon all the statements, promises and representations of defendants, and was lulled to perfect repose and confidence in defendants and all their statements as true, till about the month of June, 1934, plaintiff again offered Six Hundred and

Twenty Dollars and all interest accrued on said Lot 151 of McLeods, *Figeroa* St., Tract No. 5, to defendant Michael Minchin, and requested said defendant to reconvey said Lot 151 in pursuance of said oral agreement and promises herein alleged and agreed to by defendants. At which said time defendant Michael Minchin refused to reconvey the legal title to lot 151 herein alleged to plaintiff and refused to acknowledge that plaintiff had any rights at all to the legal title or possession of lot 151 or either parcel of property alleged herein, and thereby repudiated the said oral agreement and the entire Trust matter, and that plaintiff had any right to the income from said lot 151.

## "XIII.

"Plaintiff further alleges that the deceit and fraud connected with this action or a resulting trust, and the facts constituting said action were first discovered by plaintiff in the summer of 1938."

The clerk's transcript discloses that this action was filed February 17, 1939. Section 318 of the Code of Civil Procedure reads:

"No action for the recovery of real property or for the recovery of the possession thereof can be maintained unless it appears that the plaintiff, his ancestor, predecessor or grantor was seized or possessed of the property" within five years before the commencement of the action.

Section 343 of the Code of Civil Procedure reads:

"An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued."

Keeping in mind the allegation of the second amended complaint that the respondents have had possession of lot 151 since October 28, 1933, we must hold that this action filed in February, 1939, cannot be maintained.

While it is true that the plaintiff alleges that the deceit and fraud in repudiation of the trust was not discovered until the summer of 1938, it is in the paragraph of the pleading immediately preceding such allegation alleged that the defendants repudiated the trust, refused to reconvey, and denied that the plaintiff had any right to the income from lot 151 in June, 1934. The bald statement of the conclusion recited in paragraph XIII of the pleading cannot overcome the plain recitation of ultimate facts set forth in paragraph XII

thereof. ██ The statute of limitations runs from the discovery of the fraud or from such time as it could have been discovered had the injured party exercised reasonable diligence. (Sec. 338, subd. (4), Code Civ. Proc.) ██ If plaintiff's contention that this is primarily an action to establish a trust is correct, then section 343 of the Code of Civil Procedure applies and equally bars the action.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.