[Civ. No. 18616.   Second Dist., Div. Three.   Jan. 9, 1952.]

DAVID VICKTER et al., Respondents, v. PAN PACIFIC SALES CORPORATION (a Corporation), Appellant.

Nathan Newby, Jr., for Appellant.

Borah & Borah and Peter T. Rice for Respondents.

SHINN, P. J.—David Vickter and Hyman Vickter, doing business as Giant Penny Stores, recovered judgment against Pan Pacific Sales Corporation for $1,035. Of this amount $500 represented a deposit made by plaintiffs on account of merchandise purchased from defendant, and $535 damages for failure to deliver the goods. Defendant appeals.

The facts are set forth in a settled statement and in material respects are as follows: Plaintiffs ordered of defendant and defendant agreed to supply certain merchandise, consisting of Christmas decorations, for the sum of $2,675; plaintiffs made an advance payment of $500; the merchandise was to be shipped from Japan on October 31, 1948; dock workers were on strike at the harbors of San Pedro, Wilmington and Long Beach; on November 10th the merchandise was in transit, and anticipating that it could not be unloaded at the Los Angeles harbors it was agreed that it would be diverted to Seattle and transported to Los Angeles by motor truck; plaintiffs agreed to pay $200 toward the extra cost of delivery, and in consideration thereof defendant agreed that delivery would be made to plaintiffs' business premises in Los Angeles not later than November 30, 1948; defendant was unable to make delivery but offered delivery when it received the merchandise, December 13, 1948; there was evidence that in the meantime plaintiffs had purchased identical merchandise at the lowest obtainable price in the Los Angeles area for $4,175. The settled statement reads "The damages were computed at $535.00, the difference between the contract price and the price paid by respondents on the open market." The findings state, "that plaintiffs' damages in respect to monetary loss by reason of necessity to purchase similar Christmas merchandise in the open market was in the sum of $535.00 and no further sum by reason thereof." In their complaint plaintiffs alleged their damage to be the sum of $535, and prayed for the recovery of that sum in addition to the amount paid on account.

David Vickter, one of the plaintiffs, testified that he paid various sums for identical merchandise in the total amount of $4,175, and that the prices paid were the lowest for which the merchandise was obtainable in the Los Angeles area. He gave the names of some parties from whom some of the merchandise was purchased, stated that he could not remember offhand where other purchases were made, that books and records of the business were kept under his direction, that they would show the complete transactions and

were available at the offices of plaintiffs. Defendant objected to the testimony of Mr. Vickter upon the ground that it was not the best evidence, and interrogated the witness on *voir dire*. The objection was overruled and the testimony of Mr. Vickter was received. There was no other evidence as to the sums paid by plaintiffs for the merchandise. Defendant did not subpoena any of plaintiffs' records, did not make any claim of surprise because the records were not in court, and did not request a continuance for production of the records.

The sole ground of the appeal is that plaintiffs' books of account were the best evidence as to the sums paid by plaintiffs for the merchandise and that it was prejudicial error for the court to receive the testimony of Mr. Vickter over defendant's objection. The objection was properly overruled and the claim of error is frivolous.

From the recitals as to the facts testified to by Mr. Vickter, as set out in the settled statement, it appears, and defendant does not dispute, that the witness purchased the merchandise and had personal knowledge of the amounts paid for it. No effort was made to procure the presence of the books of account for the purpose of cross-examination. The best evidence rule has no application whatever. The witness was testifying to facts within his knowledge, and not as to the contents of the books of account nor as to any knowledge or information gained therefrom. The only cases cited by defendant dealt with situations in which the contents of certain writings were the subject of inquiry and it was sought to prove them by parol evidence. Here, no testimony was sought to be elicited with respect to the items that had been entered upon and were reflected in the books af account.

A considerable part of our time is taken up with the disposition of civil appeals which are obviously without merit. The present appeal is one of them. If modern practice permitted, a considerable number would be disposed of as Justice Baldwin, with the concurrence of Chief Justice Terry, disposed of the appeal in *Pinkham* v. *Wemple*, 12 Cal. 449, reading: ''The various questions made by the record have either been repeatedly settled by this Court, or are decided by reference to plain elementary principles. There is no single point taken which, in our judgment, justifies this appeal, and it would be a waste of time to notice the points in detail. The judgment is affirmed, with five per cent. damages.'' But reviewing courts are required to state in writing the reasons for their decisions. And the right to petition the Supreme

Court for hearing renders it necessary that the opinions of the District Courts of Appeal state the case fully and fairly as to the controlling facts and the pertinent rules of law. Memorandum decisions, however desirable, would not meet the requirements of the present system.

The volume of appellate work in the Second District is extremely heavy, requiring at times the assistance of pro tempore judges. The courts have the constant problem of balancing the prompt dispatch of business with unhurried consideration of the merits of each appeal. When an appeal is taken for the purpose of delay it not only works an injustice upon the respondent in withholding from him the benefits of his judgment, but also upon those who have pending meritorious appeals and who must wait their turn.

Rule 26a, Rules on Appeal, recognizes the power and implies the duty of reviewing courts to impose penalties for frivolous appeals. It is a power which is seldom used, although the occasions for its use appear to be on the increase. We deem it to be our duty in extreme situations to discourage the taking of appeals in civil cases upon frivolous grounds, or solely for delay. While a penalty may be imposed either upon the party or his attorney, it will usually be unknown to the court whether the appeal was inspired by insincere or negligent advice given by the attorney or the insistence of a stubborn client. Therefore, the penalty should usually be imposed upon the party, and the matter of responsibility be left to private adjustment. The purpose of the imposition of penalties in such cases is to discourage a practice which hampers the administration of justice, and not merely to chastise an individual litigant. We have concluded that the present appeal was taken upon manifestly insufficient grounds and solely for delay.

The judgment is affirmed with the addition of $100 as damages.

Wood (Parker), J., and Vallée, J., concurred.