[Civ. No. 8296.   Third Dist.   Jan. 11, 1954.]

JAMES M. McCOSKER, SR., et al., Respondents, v. JAMES M. McCOSKER, JR., et al., Appellants.

Burke & Rawles and Wayne P. Burke for Appellants.

H. G. Crawford for Respondents.

SCHOTTKY, J.—Respondent parents brought an action against their son and his wife to have a resulting trust declared in certain real and personal property and for an accounting of the profits derived from said property. The trial court found that the parents owned an undivided one-half interest in the real and personal property, ordered that an account be taken by a referee, and upon the settlement of the referee's final report, gave judgment accordingly. The son and his wife have appealed from said judgment, their appeal being filed by different counsel than the one who represented them in the trial court. Appellants have filed an opening brief of less than two full pages, have filed no closing brief, and at the time of the oral argument appellants' counsel, although present, waived argument.

One of the points raised is that there is insufficient evidence to support the finding of a resulting trust, and the sole statement of appellants on this point is as follows: "Where a father and son are dealing and one transfers property to the other, there is a presumption that there was a gift and this presumption must be overcome by the evidence. This burden rested upon the plaintiff and he failed to fulfill the obligation of overcoming the presumption."

Although the reporter's transcript consists of 340 pages,

appellants make no reference whatever to said testimony. The rule is well established that a reviewing court must presume that the record contains evidence to support every finding of fact, and an appellant who contends that some particular finding is not supported is required to set forth in his brief a summary of the material evidence upon that issue. Unless this is done, the error assigned is deemed to be waived. (*Kruckow* v. *Lesser*, 111 Cal.App.2d 198, 200 [244 P.2d 19].) It is incumbent upon appellants to state fully, with transcript references, the evidence which is claimed to be insufficient to support the findings. The reviewing court is not called upon to make an independent search of the record where this rule is ignored. (*Goldring* v. *Goldring*, 94 Cal.App.2d 643, 645 [211 P.2d 342].)

Notwithstanding appellants' failure to quote from or refer to the record we have examined it and it shows the factual situation to be substantially as follows: The son lived with his parents until he was 22 years of age. For approximately 10 years during that time he worked in his father's dairy business. When the son was 22 years old he received from his father a bill of sale for the herd and dairy equipment and, also, an assignment of certain claims belonging to the father. This was in 1932. There is some question whether the transfer was made to forestall an attachment or as compensation for the son's work. It appears that the bill of sale and assignment covered practically all of the father's assets.

Thereafter, the Ricks property in Mendocino County was purchased. There is a conflict in the evidence as to who was the actual purchaser, but the son signed the contract of purchase and the deed named him as vendee. The deed was delivered in 1939. The parents lived on the property until it was sold in 1944; the son lived there only a part of the time. There is evidence that both the father and the son made improvements on the property and also made payments for taxes and on the purchase price, but there is a dispute as to the extent of the improvements and payments made by each. The father cared for the livestock and buildings, and the son did the same when he was on the property. In 1942, at the father's request, the son and his wife gave the father a deed conveying a one-half interest in the Ricks property. The son admitted at the trial that the deed was given so that he could not put his parents "out on the road." This deed was not recorded.

The Ricks property was sold in 1944, and the purchase price paid to the son. Later in 1944, the son and his wife entered into an agreement with the owners of the Hand ranch in Lake County for the purchase of that property. The testimony is conflicting as to the respective parts played by the father and the son in negotiating and concluding both the sale of the Ricks property and the purchase of the Hand ranch. There is evidence to show that almost two-thirds of the selling price received for the Ricks property was used to make the down payment for the Hand ranch.

Shortly after the purchase agreement was signed, the son moved his parents from the Ricks property in Mendocino County to the Hand ranch in Lake County. He also moved the livestock and equipment. The son visited the ranch from time to time, but did not live there until he moved his family there in the summer of 1948. Both the father and the son worked on the ranch, but there is the usual conflict in the evidence as to how much work each performed. From time to time the son sold livestock from the ranch and did not account to his father for any part of the proceeds.

We are satisfied that the trial court's finding that a resulting trust was created is fully supported by the record.

Appellants' second point that respondents' action was barred by section 343 of the Code of Civil Procedure is likewise without any merit. They argue: "The evidence in this case, taken most satisfactorily against the defendant, would be to the effect that the defendant had collected certain moneys of plaintiff as his agent, and that he had failed to pay them over to the principal; however, more than 4 years had elapsed prior to the institution of the action and the statute of limitations was plead, thus rendering the claim barred by the statute of limitations at the time the suit was instituted."

The record shows that appellants repudiated the trust on January 22, 1947, and that the action was filed on March 4, 1949. ▮ The trust being a resulting trust, the statute of limitations did not begin to run until there had been a repudiation of the trust. (*Lezinsky* v. *Mason Malt Whiskey Distilling Co.*, 185 Cal. 240, 244 [196 P. 884].) ▮ This being an action to establish a trust and for an accounting incidental thereto, the applicable statute of limitations is section 343 of the Code of Civil Procedure which is a four-year statute. (*Hannah* v. *Canty*, 175 Cal. 763, 768 [167 P. 373]; *Rubin-*

*stein* v. *Minchin,* 46 Cal.App.2d 115, 119 [115 P.2d 537].) The instant action was brought within two years and two months after the repudiation of the trust and consequently it is not barred by the statute of limitations.

The appeal in this case is so lacking in merit and has been so inadequately presented that we must regard it as frivolous. It would not be fair to other litigants who have had the hearing of their appeals delayed by this appeal, nor would it be fair to this court, to fail to assess a penalty for such a frivolous appeal. As was said in *Sipe* v. *McKenna,* 105 Cal.App.2d 373, at page 375 [233 P.2d 615] :

". . . it is obvious that the present appeal is unjustified, vexatious and frivolous and was taken solely for the purpose of delaying and harassing plaintiff. This appeal has not only caused plaintiff an unnecessary expense but has consumed the time of this court which might have been spent in determining meritorious cases. Such appeals apparently can be discouraged only by the imposition of a penalty on the offender as authorized by section 957 of the Code of Civil Procedure. [Citing cases.]"

And as was said in *Vickter* v. *Pan Pacific Sales Corp.,* 108 Cal.App.2d 601, 604 [239 P.2d 463] :

"Rule 26a, Rules on Appeal, recognizes the power and implies the duty of reviewing courts to impose penalties for frivolous appeals. It is a power which is seldom used, although the occasions for its use appear to be on the increase. We deem it to be our duty in extreme situations to discourage the taking of appeals in civil cases upon frivolous grounds, or solely for delay. While a penalty may be imposed either upon the party or his attorney, it will usually be unknown to the court whether the appeal was inspired by insincere or negligent advice given by the attorney or the insistence of a stubborn client. Therefore, the penalty should usually be imposed upon the party, and the matter of responsibility be left to private adjustment. The purpose of the imposition of penalties in such cases is to discourage a practice which hampers the administration of justice, and not merely to chastise an individual litigant."

The judgment is affirmed and respondents are awarded $150 as damages for a frivolous appeal, the same to be assessed as costs on appeal.

Peek, J., and Paulsen, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.