[Civ. No. 8792.   Third Dist.   July 13, 1956.]

PERCY C. FREDERICKSEN et al., Appellants, v. ALICE MAUDE McCOSKER et al., Respondents.

Lovett K. Fraser and Bruce B. Bruchler for Appellants.

Phil N. Crawford for Respondents.

*Assigned by Chairman of Judicial Council.

VAN DYKE, P. J.—This is an appeal by plaintiffs Fredericksen from a judgment in favor of defendants in an action in unlawful detainer filed on July 22, 1952, to recover possession of certain real property in Lake County.

Plaintiffs and appellants are the owners of said real property subject to a written contract, dated September 5, 1944, which will be referred to as the Hand contract, whereby appellants' predecessors agreed to sell the property to James M. McCosker, Jr. and Helen McCosker, his wife. Under the terms of this agreement, the purchasers made a down payment and agreed to pay the balance seven years later, that is, on September 5, 1951.

On March 4, 1949, James M. McCosker, Sr., and Alice Maude McCosker, his wife, brought an action against the McCoskers, junior. A judgment was entered which awarded the McCoskers, senior, the sum of $9,341.69 and also declared in their favor a resulting trust in an undivided one-half of the interest of the McCoskers, junior, in said lands under the Hand contract. That judgment was recorded in Lake County records on August 28, 1951. On appeal in *McCosker* v. *McCosker*, 122 Cal.App.2d 498 [265 P.2d 21] (January 11, 1954) this court affirmed said judgment. On September 27, 1951, the McCoskers, senior, purchased at sheriff's sale, held in execution of said judgment, all the interests of the McCoskers, junior, in said real property. Certificate of sale was recorded on October 15, 1951. On October 2, 1951, after the sale, but before recordation of the certificate, the Fredericksens brought action Number 6311 in the Superior Court of Lake County against the McCoskers, junior, and two fictitious defendants, designated as John Doe and Richard Roe, to quiet title to this same real property.

Respondents here made an abortive attempt to become parties to that action. It is unnecessary to relate the history of that attempt. Appellants here were successful in excluding them and in their briefs properly assert respondents were never parties. On December 10, 1951, a judgment was entered which quieted the Fredericksens' title against the McCoskers, junior, and which declared the judicial forfeiture of the Hand contract. Respondents here were and remained in possession of the subject property.

In the complaint in this action it was alleged that prior to the beginning thereof and until May 1, 1952, respondents held possession of said property at sufferance; that a notice had

been given to terminate the tenancy; that respondents stayed in possession and still continue to hold the same as tenants of plaintiffs; that a notice had been given to pay rent or surrender possession of said property; that respondents had refused to do either; that defendants unlawfully hold over and continue in possession after default in the payment of rent and without the permission of the plaintiffs. Plaintiffs prayed for two months' rental and recovery of possession. The answer put in issue all the material matters alleged in the complaint, and set up claim of title, denying tenancy.

The trial court adopted findings that prior to the filing of the complaint in this action and until May 1, 1952, defendants did not hold possession of this property at sufferance; that plaintiffs did not lease at any time; that defendants are not in possession of said property by reason of any lease or as tenants of plaintiffs but are in possession as owners. The court concluded that, since in unlawful detainer the relation of landlord and tenant is essential, appellants could not prevail.

In this case the determination that the defendants were not tenants, if supported by the evidence, is sufficient to defeat the action.

". . . In order that such an action may be maintained the conventional relation of landlord and tenant must be shown to exist. In other words, the action is limited to those cases in which the tenant is estopped to deny the landlord's title. And when a defendant in an action which under our code is the equivalent of one in unlawful detainer proves the non-existence of such a relation, the plaintiff must fail." (*Francis* v. *West Virginia Oil Co.*, 174 Cal. 168, 170 [162 P. 394], citing *Richmond* v. *Superior Court*, 9 Cal.App. 62, 64 [98 P. 57].)

If the relation of landlord and tenant never existed, then appellants did not have a cause of action in unlawful detainer against respondents. (*Steinback* v. *Krone*, 36 Cal. 303, 310.) The burden was upon appellants to prove the relationship of landlord and tenant and a holding over after its termination. The proof they offered failed to establish this. Appellants proved the deraignment of their title as grantees of the former owner of the property subject to whatever rights were outstanding under the Hand contract. They introduced in evidence the record of their suit to quiet title against the McCoskers, junior, to which action respondents here were not parties. Nevertheless, it is the claim of

appellants that they proved the McCoskers, junior, had defaulted under the Hand contract and received a decree of the court terminating their rights thereunder which, as appellants put it, ended the contract. It is in this last assumption that appellants err. The judgment terminated the contract as to the McCoskers, junior, but had no effect as to the interests of the McCoskers, senior, who were in possession under a recorded judgment showing that, notwithstanding they did not appear to have been named in the contract as purchasers, they were in fact parties thereto entitled to claim one-half interest accruing to the McCoskers, junior, by the execution of that contract and the part payment of the purchase money. This record of the judgment between the McCoskers, with the possession of the McCoskers, senior, under that judgment, gave notice to appellants that they were claiming title and the right to complete title under the Hand contract. Proper inquiry under such constructive notice would have revealed to appellants the proceedings in execution of the *McCosker* v. *McCosker* judgment, whereby the McCoskers, senior, purchased the remaining interest of the McCoskers, junior; and though they began their action just before the recordation of the certificate of sale, yet under the circumstances they were charged with knowledge of the interest of the McCoskers, senior, passing by the sale. When, therefore, they omitted the McCoskers, senior, in their action they brought against the McCoskers, junior, they did so, knowing that any judgment that they might obtain in such an action would not foreclose the rights of the McCoskers, senior, whom they had not only omitted to name as parties, but whom they had excluded from participation in the litigation. Having thus achieved their exclusion, they cannot thereafter be heard to claim that the McCoskers, senior, were in anywise affected or their interest terminated by the judgment they thereafter procured. The trial judge in a memorandum which appears in the record succinctly and completely disposed of the contentions of appellant in the following manner:

"The whole concept of unlawful detainer is based on the existence of a tenancy (*Francis* v. *West Virginia Oil Co.*, 174 Cal. 168 [162 P. 394]). See Vol. 15 Cal. Juris. p. 851, Landlord and Tenant, Section 278, where it is said: 'The action of unlawful detainer is maintainable only where the relation of landlord and tenant subsists. While it is not necessary to show an express demise or letting, the facts must show, impliedly, at least, that the defendant occupies as tenant of the

plaintiff, and this must be something more than a mere quasi tenancy. In other words, unlawful detainer is limited to those cases in which the relation of the parties is such that the tenant is estopped to deny the landlord's title.'

''In this case the defendants are disputing the plaintiffs' title which fact was a public record prior to the time when this suit was filed. This appears from the judgment in *McCosker* v. *McCosker*, No. 5817, and the sale of the land to the defendant Alice Maude McCosker at sheriff's sale on September 27th, 1951, . . ..

''Neither the notice of April 25th, 1952, nor the three day notice to quit of June 18th, 1952, upon which this action is based, created any right or estate in the defendants in the questioned lands. If anything, it was only a threat against the claim of title of Mrs. Alice Maude McCosker.

''Mrs. Alice Maude McCosker claims title through a judgment against James McCosker, Jr., et ux., plus a purchase at Sheriff's sale prior to the filing of this action. Plaintiffs claim title by virtue of a judgment against the same defendants upon their default. As between the parties to this action the whole title is and has always been in contest ever since the suit against James McCosker, Jr., was commenced. . . . Plaintiffs' remedy, obviously, is by quiet title or ejectment where the question of title can be tried.''

The judgment appealed from is affirmed.

Schottky, J., and McMurray, J. pro tem.,* concurred.

A petition for a rehearing was denied August 7, 1956, and appellants' petition for a hearing by the Supreme Court was denied September 6, 1956.

---

*Assigned by Chairman of Judicial Council.