[Civ. No. 8971.   Third Dist.   Mar. 27, 1957.]

STANLEY McCOSKER, as Administrator, etc., et al., Respondents, v. PERCY C. FREDERICKSEN et al., Appellants.

PERCY C. FREDERICKSEN et al., Appellants, v. ALICE MAUDE McCOSKER et al., Respondents.

Lovett K. Fraser, Bruce B. Bruchler and Fredric S. Crump for Appellants.

Phil N. Crawford for Respondents.

PEEK, J.—This appeal arises out of an action originally instituted by James M. McCosker, Sr., and his wife against the defendants Fredericksen wherein specific performance was sought of a contract to sell certain real property in Lake County. The Fredericksens cross-complained and sought to quiet their title to the property. Additionally the Fredericksens instituted a second proceeding against Stanley McCosker as administrator of the estate of James M. McCosker, Sr., and his wife by which the Fredericksens sought to eject and oust the McCoskers from the property. The McCoskers cross-complained and again asked for specific performance of the contract upon which they had relied in the previous action. The two cases were consolidated for trial, and at the conclusion thereof judgment was entered in favor of the McCoskers, decreeing specific performance of the contract.

This is the third appeal which has been before this court in-

volving the same parties and the same property. The controversy originally stems from a contract of purchase entered into in September of 1944 wherein James M. McCosker, Jr., and his wife agreed to buy, and Bert R. Hand and his wife agreed to sell for $16,000 the property involved herein. This agreement is referred to by all of the parties as the Hand contract. Under the terms of that contract the purchasers made a down payment of $6,000 and agreed to pay the balance of $10,000 on or before seven years from the date thereof, or September 5, 1951. Thereafter, on April 16, 1946, the Hands discounted the contract, assigned their interest thereunder to the Fredericksens for the sum of $8,000, and executed a deed of the property to the Fredericksens subject to their contract with the McCoskers, junior. Subsequently James M. McCosker, Sr., and his wife brought an action against the McCoskers, junior, which resulted in a judgment decreeing the McCoskers, senior, to own an undivided one-half interest in the property and awarding damages of more than $9,000 pursuant to an accounting concerning the profits taken by the McCoskers, junior. That judgment was affirmed by this court in 122 Cal.App.2d 498. An abstract of judgment in that case was recorded on August 28, 1951. On September 27, 1951, the McCoskers, senior, purchased at a sheriff's sale all of the interest of the McCoskers, junior, in the Hand property.

On October 2, 1951, the Fredericksens instituted a quiet title action wherein the McCoskers, junior, and several fictitious persons were named as defendants, but only the McCoskers, junior, were served. The McCoskers, senior, made an abortive attempt by answer to become parties to that action by appearing therein as two of the fictitious persons named as defendants and set forth their claim to the property and alleged tender of the balance due. The Fredericksens demurred to said answer and later, at the time of trial, dismissed the action as to them. The McCoskers, junior, defaulted, and judgment was entered in favor of the Fredericksens.

It is that judgment upon which the Fredericksens primarily rely in this proceeding. In fact, at the time of trial, they introduced the record thereof and then rested, offering no other evidence. On October 11, 1951, the McCoskers, senior, by letter tendered to the Fredericksens the balance then due on the contract, plus costs, interest and attorneys' fees. The McCoskers' tender was refused, and shortly thereafter a second tender of $10,500 was made, but it was likewise rejected by the Fredericksens. Subsequently the McCoskers paid into

court the sum so tendered. No demand has ever been made upon the McCoskers, senior, by the Fredericksens, nor have the Fredericksens ever given the McCoskers, senior, any notice of forfeiture of their interest in the land.

In the meantime other actions were instituted by the Fredericksens; one an unlawful detainer action resulting in a judgment in favor of the McCoskers which this court affirmed on appeal (143 Cal.App.2d 114 [299 P.2d 908]); another in which the trial court issued an alias writ of possession now before this court and appearing at *post,* page 877 [308 P.2d 840]; and the third, a proceeding in prohibition which was heretofore denied by this court and by the Supreme Court.

It is the Fredericksens' first contention that the judgment which they obtained quieting their title against the McCoskers, junior, and terminating the latters' interest in the property also terminated any interest the McCoskers, senior, may have had in the property. No appeal was taken in that action. However when the judgment in the unlawful detainer action was before this court, a like contention was made and we there held: ''The judgment terminated the contract as to the McCoskers, junior, but had no effect as to the interests of the McCoskers, senior, who were in possession under a recorded judgment showing that, notwithstanding they did not appear to have been named in the contract as purchasers, they were in fact parties thereto entitled to claim one-half interest accruing to the McCoskers, junior, by the execution of that contract and the part payment of the purchase money. This record of the judgment between the McCoskers, with the possession of the McCoskers, senior, under that judgment, gave notice to appellants that they were claiming title and the right to complete title under the Hand contract. Proper inquiry under such constructive notice would have revealed to appellants the proceeding in execution of the *McCosker* v. *McCosker* judgment, whereby the McCoskers, senior, purchased the remaining interest of the McCoskers, junior; and though they began their action just before the recordation of the certificate of sale, yet under the circumstances they were charged with knowledge of the interest of the McCoskers, senior, passing by the sale. When, therefore, they omitted the McCoskers, senior, in their action they brought against the McCoskers, junior, they did so, knowing that any judgment that they might obtain in such an action would not foreclose the rights of the McCoskers, senior, whom they had not only omitted to name as parties, but whom they had excluded from

participation in the litigation. Having thus achieved their exclusion, they cannot thereafter be heard to claim that the McCoskers, senior, were in anywise affected or their interest terminated by the judgment they thereafter procured.'' (143 Cal.App.2d 117.) What we held in that case is equally applicable to the contention now made by the Fredericksens.

It is next contended that in the present case the McCoskers failed to plead or prove, and the court failed to find, any facts from which the fairness or reasonableness or adequacy of consideration as to the appellants could be ascertained. The record in this regard shows that the second amended complaint of the McCoskers alleged "that said contract, a copy of which is hereto attached and made a part hereof, is fair and reasonable, and is supported by an adequate consideration''; that the demurrer of the Fredericksens on the ground that said complaint did not state sufficient facts to constitute a cause of action, in that it failed to allege with particularity the fairness, reasonableness and adequacy of consideration was overruled by the court; that the answer of the Fredericksens denied generally the fairness, reasonableness and adequacy of the consideration and set up as an affirmative defense the judgment obtained by them in the quiet title action against the McCoskers, junior, as a bar to this proceeding. Thereafter on motion the McCoskers filed an amendment to their second complaint wherein the facts were set forth in greater detail. No demurrer was filed thereto, and by stipulation of the parties it was agreed that all defenses pleaded by the Fredericksens should, in their answer to the second amended complaint, be deemed pleaded as against the amended complaint. Thus at the trial there was before the court the original contract which provided for an overall purchase price of $16,000, $6,000 of which was paid in cash and the balance to be due seven years thereafter with interest at 5 per cent; that the Hands, the original sellers, discounted the balance of $10,000 and conveyed their interest in the property, subject to the rights of the purchasers, for the sum of $8,000; that thereby the Fredericksens received 6.25 per cent on their investment rather than the 5 per cent as set forth in the contract; and that the contract was purchased by the Fredericksens as an invesment. All of this evidence was noted by the trial judge in his memorandum opinion and the court so found. Although, as the trial court noted, this was the only evidence of value at the time of the execution of the agreement, we believe it was ample to support the findings of

the court as to reasonableness and adequacy of consideration at that time. (*Drullinger* v. *Erskine,* 71 Cal.App.2d 492 [163 P.2d 48].)

The fact that the value of the land rose appreciably from the date of the original agreement, 1944, to the date of the hearing, 10 years later in 1954, is not material when consideration is given to the generally great increase in land values.

█ Even if we assume that defendants' demurrer to the second amended complaint should have been sustained, and even if we assume that defendants' general denial of plaintiffs' allegation of fairness, reasonableness and adequacy raised an issue in that regard (see *Foley* v. *Cowan,* 80 Cal. App.2d 70 [181 P.2d 410]) ; nevertheless we cannot say that a miscarriage of justice resulted. (*Baker* v. *Miller,* 190 Cal. 263 [212 P. 11] ; *Bonney* v. *Petty,* 125 Cal.App. 527 [13 P.2d 969].) There can be no question but that the parties considered the issue as one before the court, although no evidence was offered on the issue by the defendants. Furthermore findings in this regard were made by the court in favor of plaintiffs and were entered. Under such circumstances, and in the absence of any showing of prejudice, the plaintiffs' complaint and the evidence in support thereof must be held to have been sufficient.

█ It is next contended by the Fredericksens that the finding that they had waived the provisions of the contract, making time of the essence and providing for a forfeiture in case of default, is unsupported. Although the finding in this regard may be questioned, it does not appear that the trial court abused its discretion in relieving the McCoskers from default under the provisions of section 3275 of the Civil Code, nor do the Fredericksens challenge the findings which the court made on this issue.

█ Appellants finally contend that the finding that the McCoskers were the owners of the property is likewise open to criticism; however, since such finding was unnecessary to a determination of the case, it cannot be said that it was prejudicial to the Fredericksens.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied April 22, 1957, and appellants' petition for a hearing by the Supreme Court was denied May 22, 1957.