# MEMORANDUM CASE

 308 P.2d 840]

[Civ. No. 8953. Third Dist. Mar. 27, 1957.]

PERCY C. FREDERICKSEN et al., Respondents, v. JAMES M. McCOSKER, JR., et al., Defendants; ALICE MAUDE McCOSKER et al., Appellants.

Phil N. Crawford for Appellants.

Lovett K. Fraser and Bruce B. Bruchler for Respondents.

PEEK, J.—This is an appeal by Alice Maude McCosker and Stanley McCosker from an order granting the issuance of an alias writ of possession and directing the sheriff to remove Alice M. McCosker and Stanley McCosker from the property which is the same as that involved in the proceeding appearing herein at *ante*, page 489 [308 P.2d 836].

The order granting said alias writ of possession recites in part that on December 10, 1951, a judgment was entered which quieted the Fredericksens' title in the Hand property against James M. McCosker, Jr., and Helen McCosker, his wife, as defendants; that on April 26, 1954, a writ of possession issued on said judgment, which on April 28, 1954, was served and returned by the sheriff with the notation that Alice M. McCosker and Stanley McCosker were served with said writ as the persons in possession of the real property, that they refused to deliver the possession thereof and denied claiming under James M. McCosker and Helen McCosker, his wife; and that thereafter an order to show cause why an alias writ of possession should not issue was made and served on Alice M. McCosker and Stanley McCosker, and a hearing thereon was held, following which the order under attack herein was issued.

The issue whether the decree quieting the Fredericksens'

title to this property against James M. McCosker, Jr., and Helen McCosker, his wife, was binding upon the McCoskers, senior, was considered by this court in *Fredericksen* v. *McCosker*, 143 Cal.App.2d 114 [299 P.2d 908] (hearing in Supreme Court denied). As noted in the opinion appearing at *ante*, page 489 [308 P.2d 836], this court held that such judgment could have had no effect as to the interest of the McCoskers, senior. We again hold that what was therein expressed conclusively determines the sole issue herein. It necessarily follows that the trial court's order granting the alias writ of possession was improper. (Code Civ. Proc., § 380.)

The order is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied April 22, 1957, and respondents' petition for a hearing by the Supreme Court was denied May 22, 1957.