[Civ. No. 26569. First Dist., Div. One. Apr. 3, 1970.]

LELAH REBER, Plaintiff and Respondent, v.
MOLLIE BECKLOFF et al., Defendants;
WILLIAM MULLER, Intervener and Appellant.

## Counsel

William Muller, in pro. per., for Intervener and Appellant.

Charles Reagh for Plaintiff and Respondent.

No appearance for Defendants.

## Opinion

**ELKINGTON, J.**—This appeal is taken from an order denying appellant William Muller's motion to intervene in a superior court action. We find it to be wholly without merit for the reasons: (1) the motion to intervene appears to be an attempt to relitigate matters already finally adjudicated; (2) the motion was not timely (see *Hibernia etc. Society* v. *Churchill,* 128 Cal. 633 [61 P. 278]; *People* v. *City of Long Beach,* 183 Cal.App.2d 271, 274 [6 Cal.Rptr. 658]); and (3) we have not been furnished with a record sufficient to enable us to properly inquire into its alleged merits.

 It is one of a long series of appellate and extraordinary writ proceedings taken by appellant Muller in this court, all involving respondent Reber (Muller's divorced wife), or Charles Reagh, her attorney, or both of them. In greater part, if not in their entirety, they relate to issues long since finally adjudicated. Our records indicate 64 such appeals; of these 5 are now pending, 32 have been dismissed, and in 25 the decisions appealed from have been affirmed. The remaining 2 have resulted in reversals; neither concerned substantive merits, one related to a decision on demurrer and the other to a jurisdiction question. Throughout the same

period Muller has 19 times applied to this court for relief relating to the same parties by way of extraordinary writs. Without exception these applications were found to be without merit and denied.

The instant appeal is clearly frivolous, and was obviously taken for the purpose of harassing respondent Reber and her attorney. With the other groundless proceedings we have alluded to it has contributed substantially to the overcrowded condition of this court's calendar. This abuse of the court is grossly unfair to other litigants awaiting disposition of their appeals. We conclude that sanctions are proper and that a substantial sum should be assessed against Muller. (See Code Civ. Proc., § 957; Cal. Rules of Court, rule 26(a); *Stafford* v. *Russell,* 128 Cal.App.2d 794, 797 [276 P.2d 41]; *McCosker* v. *McCosker,* 122 Cal.App.2d 498, 502 [265 P.2d 21]; *Vickter* v. *Pan Pac. Sales Corp.,* 108 Cal.App.2d 601, 604 [239 P.2d 463].)

The order denying appellant Muller's motion to intervene is affirmed; the sum of $500 damages will be added to the costs on appeal to be recovered by respondent Reber.

Molinari, P. J., and Sims, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 28, 1970. Sullivan, J., did not participate therein.