Filed 11/13/15  Marriage of Lee-Masis and Barrett CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of ANTHONY LEE-MASIS and TONYA BARRETT. | C075849 |
| ANTHONY LEE-MASIS,<br><br>Respondent,<br><br>v.<br><br>TONYA BARRETT,<br><br>Appellant. | (Super. Ct. No. 11FL04705) |

In this marital dissolution case, appellant Tonya Marie Barrett (mother) seeks review of two child custody and visitation rulings.  Finding that the only order from which mother appealed is not appealable, we will dismiss the appeal.  Although we find no appealable order, we exercise our discretion to deny the motion for sanctions filed by respondent Anthony Lee-Masis (father) for a frivolous appeal.

1

FACTUAL AND PROCEDURAL BACKGROUND

In attempting to set forth the pertinent factual and procedural background of this case, we are severely hampered by a woefully inadequate record on appeal. The clerk's transcript is only 15 pages and consists only of a handwritten custody ruling from January 2014, mother's notice of appeal from that ruling, the trial court's notice of the filing of the notice of appeal, this court's determination that the case was not suitable for mediation, and mother's notice designating the record on appeal.

The reporter's transcript is not much more helpful. It first covers three days of trial in December 2013 and January 2014 on the issue of child custody that resulted in the handwritten ruling from which mother appealed. It then covers a law and motion hearing on April 14, 2014, at which the court modified its ruling from January on the issue of legal custody. It then covers two additional days of trial on April 17 and 18, 2014, on financial issues. Without a complete, or at least a more thorough, clerk's transcript, however, it is difficult to put the proceedings covered by the reporter's transcript in context.

Adding to the difficulty of our task are serious deficiencies in both parties' briefs. The statement of the case and statement of facts in mother's opening brief spans barely two pages. The factual summary in the brief filed by father is more extensive, running about 12 pages, but father repeatedly cites to a trial exhibit that was not designated for inclusion in the clerk's transcript and therefore is not before us.[1] (See Cal. Rules of Court, rule 8.122(b)(3)(B) [clerk's transcript must contain exhibits admitted in evidence "if designated by any party"].)

---

[1] The exhibit was apparently a child custody evaluation. Whether that document constituted proper evidence of the various background facts for which father cites it in his brief is an issue we need not address, since the document is not before us.

Making do as best we can in light of the foregoing deficiencies, we can discern from the record that this is a proceeding for the dissolution of a short-term marriage in which the primary contested issue was (and probably still is) custody and visitation of the parties' sole minor child, born in March 2010. Neither party tells us when the petition for dissolution of the marriage was filed, but there is evidence the court granted the parties joint legal and physical custody of the child in August 2011.

In October 2012, mother applied for a job in San Diego. At the time, the parties were in the midst of a child custody evaluation. Mother was offered the job on December 19, 2012, and two days later she filed a move-away motion. The move-away issue was added to the child custody evaluation, and mother moved with the child to San Diego in January 2013 while the evaluation was being completed.

Eventually, the evaluation was completed and the matter came on for an evidentiary hearing on mother's move-away motion on December 12, 2013. The hearing continued through the following day and then was continued to January 14, 2014. Following the close of evidence and closing arguments, the court set the remaining issues in the case for trial on April 17 and 18 and took the matter under submission.

The following day, January 15, the court issued a handwritten ruling. The court ordered joint legal custody, but if there was an impasse father was to have the right to make the final decision. The court also made a temporary order for joint physical custody, effective until September 1, 2014, at which time the child was to live primarily with father in the South Bay Area with alternate weekends to mother.

On February 14, 2014, mother filed a notice of appeal from the January 15 ruling.

On April 14, a law and motion hearing was held on a motion by father to accelerate the date of the change of physical custody and for sole legal custody. The trial court denied father's request to advance the change of physical custody but granted his request for sole legal custody.

3

The financial issues were tried on April 17 and 18. At the end of that hearing, the parties agreed the court could terminate the marriage and enter a judgment of dissolution even though the matter had been set for long-cause hearing on a motion or motions rather than set for a trial on the pleadings by means of an at-issue memorandum. Based on the parties' agreement, the court rendered judgment and directed father's attorney to prepare the judgment to be entered. No judgment appears in the record, however.

## DISCUSSION

### I

### *Mother's Appeal*

On appeal, mother contends the trial court abused its discretion in making the January 2014 custody ruling and in making the April 2014 custody ruling. Mother further contends that the trial court lacked jurisdiction to make the April 2014 custody ruling because her appeal of the January 2014 ruling was pending at that time.

Father does not raise any issue regarding the appealability of the January 2014 ruling, but he does argue that we have no jurisdiction to review the April 2014 ruling because mother did not appeal from it.

We agree with father that we have no jurisdiction to review the April 2014 ruling, because even if it were an appealable order (an issue we do not reach) mother did not appeal from it. The only notice of appeal in this case is mother's notice of appeal from the January 2014 custody ruling, which she filed on February 14, 2014. Mother does not attempt to explain how her appeal from the January ruling could possibly give us jurisdiction over an order that was not made until two months *after* she filed her notice of appeal. Accordingly, no issue regarding the April 2014 ruling is properly before us.

Turning to the January 2014 ruling, regardless of the fact that father has not raised any issue regarding the appealability of that ruling, we are obligated to address the issue of appealability on our own initiative. "The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own

4

initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.)

Mother contends the January 2014 ruling is appealable because "[c]ase law has established that a final custody order issued after a contested hearing is appealable." According to mother, the hearing that resulted in the January 2014 ruling "was limited to the bifurcated issue of the custody arrangement between the parties, the property and support issues to be decided at a later date. . . . At the conclusion of the hearing, no issue regarding custody was left for future consideration because subsequent trial dates were limited to the issues of property and support. . . . Although the trial court stated that the Custody Order was a 'temporary order effective until 9/1/2014,' the effect of that date merely triggered an automatic change in the physical custody arrangement; the order was not issued subject to a later trial or hearing on the issues regarding custody. As such, the substantive effect of the Custody Order satisfied finality, rendering the order appealable."

Even if we agree with mother that the January 2014 custody ruling was intended to be the final determination of child custody and visitation that was to be part of the judgment in this dissolution proceeding -- rather than simply a temporary custody ruling on mother's move-away motion, with the final determination of custody to come later in the case -- that does not make the January 2014 ruling appealable. "[U]nder the 'one final judgment' rule, appeal lies only from final judgments in actions or proceedings, or from orders after judgment that affect the judgment or its enforcement; it does not lie from interlocutory judgments or orders unless specifically made appealable by statute." (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 560.) Here, mother did not appeal from the final judgment in this case. In fact, as far as we can determine, although the court *rendered* judgment in April 2014, a judgment has yet to be *entered* in the case.

To the extent mother characterizes the January 2014 ruling as the court's final ruling on the bifurcated issue of child custody, that makes no difference. A family law

5

court may, where appropriate, bifurcate the issue of child custody for separate trial. (Cal. Rules of Court, rule 5.390(b)(8).) In such a case, however, the order on the bifurcated issue is *not* separately appealable. (See *In re Marriage of Lafka* (2007) 153 Cal.App.4th 1429, 1433.) "When a factual issue raised by the pleadings is tried by the court separately and before the trial of other issues, the judge conducting the separate trial must announce the tentative decision on the issue so tried and must, when requested under Code of Civil Procedure section 632, issue a statement of decision as prescribed in rule 3.1590; but the court must not prepare any proposed judgment until the other issues are tried, except when an interlocutory judgment or a separate judgment may otherwise be properly entered at that time." (Cal. Rules of Court, rule 3.1591(a).)

There is a procedure in family law cases for obtaining immediate appellate review of a ruling on a bifurcated issue. "[T]he family law court may certify in its order that there is probable cause for immediate appellate review of the issue, or it may do so in response to a party's motion made 10 days after mailing of the decision. [Citation.] 'If the certificate is granted, a party may . . . file in the Court of Appeal a motion to appeal the decision on the bifurcated issue.' [Citation.] Failure to seek or obtain appellate review of the decision on the bifurcated issue does not preclude review of the decision upon appeal of the final judgment." (*In re Marriage of Lafka*, *supra*, 153 Cal.App.4th at p. 1433; see Cal. Rules of Court, rule 5.392; Fam. Code, § 2025.) Here, however, the trial court never certified that there was probable cause for immediate appellate review of the January 2014 custody ruling, and we were never presented with a motion to appeal that ruling following such certification.

To the extent mother relies on *Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371 to support her argument that the January 2014 custody ruling was appealable, notwithstanding the lack of a final judgment in the case, we are not persuaded. *Enrique M.* was a paternity action in which the trial court entered a custody order in June 1998 following an earlier hearing. (*Id.* at p. 1374.) When the father sought to appeal a later

custody ruling in January 2003, the appellate court decided the later ruling was appealable as an order made after judgment because "the trial court's June 1998 order, entered after a hearing and determining the issues raised in Enrique's complaint, constituted an appealable 'final judgment[] as to custody.' " (*Id.* at p. 1378.)

To the extent the appellate court in *Enrique M.* found the June 1998 order was actually *the* final judgment in the paternity action -- because that order "determin[ed] the issues raised in Enrique's complaint" (*Enrique M. v. Angelina V.*, *supra*, 121 Cal.App.4th at p. 1378) -- we have no quarrel with the court's decision that the later custody order was appealable as an order made after judgment. (See Code Civ. Proc., § 904.1, subd. (a)(2).) Of course, that is of no assistance to mother here because the January 2014 custody ruling *cannot* be characterized as an order made after judgment, since (to our knowledge) no final judgment has been entered in this case even to this day.

On the other hand, to the extent the decision in *Enrique M.* implies there can be "an appealable 'final judgment[] as to custody' " (*Enrique M. v. Angelina V.*, *supra*, 121 Cal.App.4th at p. 1378) that is separate (and separately appealable) from a final judgment on the remaining issues in the case, we part ways with the *Enrique M.* court because, as explained above, the one final judgment rule allows for only a single, final, appealable judgment in each case, and separate appealable judgments on the various issues in a marital dissolution case like this are generally not allowed.

If a final judgment had been entered in this case following the April 2014 evidentiary hearing on the remaining financial issues, and if that judgment had incorporated the custody ruling made by the court in January 2014, we would have been able to treat mother's February 2014 notice of appeal as having been filed immediately after the entry of judgment, on the theory that the court's January 2014 custody ruling was its intended ruling on the issue of custody for inclusion in the judgment. (See Cal. Rules of Court, rule 8.104(d)(2) ["The reviewing court may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered

7

judgment, as filed immediately after entry of judgment"].)  As it is, however, in the absence of a final judgment in the case, there is no appealable order here, and mother's appeal from the January 2014 custody ruling must therefore be dismissed.

II

*Father's Motion For Monetary Sanctions*

Following the filing of mother's reply brief, father filed a timely motion for monetary sanctions pursuant to rule 8.276 of the California Rules of Court on the ground that mother's appeal was frivolous because it was indisputably without merit and/or prosecuted for an improper motive.  In considering this motion, we keep in mind that "sanctions should be used sparingly to deter only the most egregious conduct." (*Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 557.)  We are also mindful that " '[t]he purpose of the imposition of penalties in such cases is to discourage a practice which hampers the administration of justice, and not merely to chastise an individual litigant.' " (*McCosker v. McCosker* (1954) 122 Cal.App.2d 498, 502, quoting *Vickter v. Pan Pacific Sales Corp.* (1952) 108 Cal.App.2d 601, 604.)

Here, the administration of justice would have been better served if father and his attorneys had recognized at the outset (as we have) that the January 2014 custody ruling was not an appealable order and had moved to dismiss the appeal on that basis before both sides invested their resources in substantive briefing.  Of course, father might have intentionally chose *not* to take that course, for fear that mother might have secured the entry of judgment (as we have suggested above) while this appeal was still pending and thereby turned an appeal from a nonappealable interlocutory order into an appeal from an appealable final judgment.

Whatever the case may be, especially in light of the highly charged subject matter involved (custody of a minor child), we exercise our discretion to deny father's motion for monetary sanctions.

8

DISPOSITION

Mother's appeal is dismissed.  Father's motion for monetary sanctions is denied.

Father shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)


/s/
Robie, J.


We concur:


/s/
Blease, Acting P. J.


/s/
Nicholson, J.

9