Filed 10/23/25  RRRM Holding Co. v. Sardariani CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RRRM HOLDING COMPANY, LLC,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>VIGAN SARDARIANI, et al.,<br><br>Defendants and Appellants. | B342480<br><br>(Los Angeles County<br> Super. Ct. No. 23BBCV03087) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John J. Kralik, Judge.  Affirmed.

Law Offices of Matthew D. Rifat and Matthew D. Rifat for Defendants and Appellants.

Liddle & Liddle and Raymond V. Zakari for Plaintiff and Respondent.

Defendants Vigan Sardariani and V&S Complete Auto Repairs, Inc. (V&S) (collectively defendants) appeal from the trial court's order granting summary judgment in favor of plaintiff RRRM Holding Company, LLC (RRRM) in this unlawful detainer action. Defendants contend that the court erred because there was a triable issue of fact concerning whether the subject property was owned by RRRM or RRRM's managing member, non-party Roland Markarian (Markarian). Defendants do not demonstrate a triable issue of material fact precluded summary judgment. Therefore, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In April 2002, Sardariani entered into a 10-year commercial lease agreement with Markarian, the managing member of RRRM, for the subject premises. The lease contained two five-year options to renew the agreement. After Sardariani exercised both options, the lease expired in May 2022. Defendants then continued to occupy the premises under a month-to-month tenancy.

Before the lease expired, title to the property was transferred to RRRM. Markarian notified Sardariani that he "moved the subject property to RRRM" and that Sardariani needed to update his insurance policy to reflect RRRM as an additional insured under the lease. Sardariani provided Markarian with a certificate of liability insurance naming RRRM as a certificate holder in May 2017. In October and December 2023, RRRM served Sardariani and V&S each with a 30-day

notice to quit the property.[1]  RRRM thereafter filed separate unlawful detainer complaints against Sardariani and V&S, which were then consolidated.  RRRM alleged that defendants stopped paying rent in May 2022 and refused to vacate the property.

RRRM filed the motion for summary judgment at issue in August 2024, seeking only the right to possession.  In support of its motion, RRRM submitted a declaration from Markarian and several recorded deeds explaining the ownership history of the property.  Markarian stated that in 1995, Arthur L. Lamensdorf and Mable Lamensdorf, Trustees of the Lamensdorf Family Trust dated December 11, 1980, sold the property to Markarian's parents.  In October 1997, Markarian's parents conveyed title to the property to Markarian.  Markarian said that in 2016, he "changed title" to RRRM "for estate planning purposes."  A grant deed shows the property was transferred from Roland Markarian and Martha Markarian, Co-Trustees of the Roland and Martha 2016 Revocable Trust, dated April 12, 2016, to RRRM.

Markarian explained that "[d]ue to a procedural error where [he] had not transferred title to [his] trust prior to transferring title to RRRM," in January 2018, he transferred title from himself to Roland Markarian and Martha Markarian, Co-Trustees of the Roland and Martha 2016 Revocable Trust, dated April 12, 2016.  He then transferred title to RRRM the same day.

In opposing the summary judgment motion, defendants argued there was a triable issue of material fact as to whether RRRM or Markarian, its managing member, owned the premises.

---

[1]     According to RRRM, V&S took possession of the property through a sublease with Sardariani but paid rent directly to RRRM.  Sardariani is V&S's sole principal and has stated that he and V&S "are both the same."

Defendants submitted a Judicial Council form unlawful detainer complaint Markarian had filed against Sardariani in May 2022. Markarian had marked a box indicating that his interest in the premises was "as owner." Defendants also asserted that in December 2018, Markarian and Sardariani entered into a settlement agreement in a different legal action that referred to Markarian as the landlord and made no mention of RRRM.

The trial court granted RRRM's motion for summary judgment. The court noted that neither RRRM nor Markarian recognized a right to possession by defendants, and it found that none of the issues defendants raised regarding title were material to whether defendants had a right to possession. The trial court entered judgment for RRRM, and defendants appealed.[2]

## DISCUSSION

### A. Standard of Review

"'Summary judgment should be granted when there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" (*KB Salt Lake III, LLC v. Fitness Internat., LLC* (2023) 95 Cal.App.5th 1032, 1045.) "'In moving for summary judgment, a "plaintiff . . . has met" his "burden of showing that there is no defense to a cause of action if" he "has proved each element of the cause of action entitling" him "to judgment on that cause of action. Once the plaintiff . . . has met that burden, the burden shifts to the defendant . . . to show

---

[2] RRRM filed a request for judicial notice with its respondent's brief, but a clerk of this court rejected the filing because it did not conform with procedural requirements. RRRM did not refile the request. We therefore disregard RRRM's references to matters outside the record in its respondent's brief.

4

that a triable issue of one or more material facts exists as to that cause of action or a defense thereto.""" (*Ibid.*) We review the trial court's ruling granting a summary judgment motion de novo. (*Grebing v. 24 Hour Fitness USA, Inc.* (2015) 234 Cal.App.4th 631, 637.)

**B.    Defendants Failed to Raise a Triable Issue of Material Fact**

Defendants argue that summary judgment for RRRM was improper because there was an issue of fact as to whether RRRM, or its managing member, Markarian, owned the premises. Defendants do not show that this presented a triable issue of fact material to the determination of the action.

"'An unlawful detainer action is a summary proceeding, the primary purpose of which is to obtain the possession of real property in the situations specified by statute. . . . The sole issue before the court is the right to possession; accordingly, a defendant is not permitted to file a cross-complaint or counterclaim and, "a defense normally permitted because it 'arises out of the subject matter' of the original suit is generally excluded . . . if such defense is extrinsic to the narrow issue of possession. . . ." [Citation.]'" (*Underwood v. Corsino* (2005) 133 Cal.App.4th 132, 135; *Fish Construction Co. v. Moselle Coach Works, Inc.* (1983) 148 Cal.App.3d 654, 658 ["Only defenses which are directly relevant to possession may be considered"].) "The denial of certain procedural rights enjoyed by litigants in ordinary actions is deemed necessary in order to prevent frustration of the summary proceedings by the introduction of delays and extraneous issues." (*Martin-Bragg v. Moore* (2013) 219 Cal.App.4th 367, 385.)

5

Ordinarily, a tenant cannot challenge the validity of title to the property in an unlawful detainer action. (*Coyne v. De Leo* (2018) 26 Cal.App.5th 801, 818.) "[I]f some third party has title to the property, the tenant nonetheless has no right to possession." (*Ibid.*) A defense involving title issues is only permitted if it "would result in the tenant retaining possession of the premises." (*Ibid.*)

Here, defendants fail to explain how the title issue they raise, if proved, would give them a right to possession of the premises.[3] They argue that either RRRM or Markarian owns the property. Defendants do not claim that the owner of the property, whether that is RRRM or Markarian, has given them the right to possess it.[4] Defendants do not dispute that they have not paid rent to either RRRM or Markarian for years.

Defendants cite *Kruger v. Reyes* (2014) 232 Cal.App.4th Supp. 10, and *Fredericksen v. McCosker* (1956) 143 Cal.App.2d 114, for the proposition that an unlawful detainer action is limited to those cases where the tenant cannot deny the landlord's title. *Kruger* held service of a three-day notice to pay rent or quit was premature and void where the tenants had in

---

[3]     Indeed, defendants' opening brief lacks any headings or subheadings to make their argument clear, effectively forfeiting it. (Cal. Rules of Court, rule 8.204(a)(1)(B).)

[4]     For the first time in their reply brief, defendants assert in conclusory fashion that they "claim an ownership interest in the property." Defendants have forfeited the argument. (*Sweetwater Union High School Dist. v. Julian Union Elementary School Dist.* (2019) 36 Cal.App.5th 970, 987 [arguments raised for the first time in a reply brief are forfeited].) Moreover, defendants do not cite any evidence in the record to support the assertion that they have an ownership interest in the property.

6

fact paid all rent due through the period covered by the notice. (*Kruger*, at p. 12.)  In *Fredericksen*, plaintiffs inappropriately brought an unlawful detainer action in lieu of a quiet title action against the defendants, who also claimed to own the property. (*Fredericksen*, at pp. 116–118.)  Neither case held that a tenant could defeat an unlawful detainer action in the manner urged by defendants in this case.  (*McConnell v. Advantest America, Inc.* (2023) 92 Cal.App.5th 596, 611 ["A case is not authority for a proposition not considered therein or an issue not presented by its own particular facts"].)

### DISPOSITION

The judgment is affirmed.  RRRM is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

ZUKIN, P. J.

VAN ROOYEN, J.**

---

**    Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.

7